**In re Robert Christian WALKER.**

**Rose COOPER, as administratrix of the Estate of Edward Cooper, Deceased, Plaintiff,**

v.

**Robert C. WALKER, and Walter Dickinson, trustee, Defendants.**

**Bankruptcy No. 92–50411S.**

**CMS No. 93–209.**

United States Bankruptcy Court, E.D. Arkansas, Pine Bluff Division.

Feb. 25, 1993.

Wiley Branton, Little Rock, AK, for Cooper.

Greg Bryant, Little Rock, AK, for debtor.

Walter Dickinson, Little Rock, AK, Trustee.

### *ORDER DISMISSING CONTESTED MATTER*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the file in this contested matter, a motion for partial .lift of the automatic stay, filed on February 10, 1993. The debtor is a fourteen year old child incarcerated for the murder of Edward Cooper. The sole debt listed on the petition is the $2,500,000 wrongful death suit filed by the estate of Edward Cooper in state court. The debtor has no income or other tangible assets. At the time of the filing of the petition on August 11, 1992, the sole potential asset of the estate was Walker's parents' home insurance policy. Whether the insurance policy covers the homicide incident is disputed in the state court proceedings.

The debtor's discharge was entered on December 29, 1992, and, on January 6, 1993, the trustee filed his Report of No Distribution, thereby abandoning any interest the estate may have had in the insurance policy. On February 10, 1993, the creditor, Rose Cooper, as administratrix of the estate of Edward Cooper, ("Cooper"), filed a "Motion for Partial Lift of the Automatic Stay," specifically requesting that she be permitted to litigate the wrongful death claim in state court where the litigation is pending.

■ Upon the entry of the discharge of the debtor, the stay, imposed by section 362 of the Bankruptcy Code, is automatically dissolved as against the debtor. 11 U.S.C. § 362(c)(2)(C). Of course, while the discharge extinguishes *personal liability* of the debtor, the discharge does not in fact extinguish the debts themselves. 11 U.S.C. § 727; 11 U.S.C. § 524(a) (enjoining actions to collect "any such debt as a personal liability of the debtor"); 11 U.S.C. § 524(e). Discharge of the debtor does not eradicate *in rem* liability which may exist against assets, nor liability of third persons, including insurance companies, 11 U.S.C. § 523(e).

■ Thus, the wrongful death action itself is not extinguished by the debtor's discharge; only debtor's personally liability for the debt is extinguished. *Green v. Welsh*, 956 F.2d 30, 33 (2d Cir.1992); *Arkansas Real Estate Commission v. Veteto*, 303 Ark. 475, 798 S.W.2d 52 (Ark.1990). Any assertion that no liability can be established as against an insurance policy by virtue of the discharge injunction is incorrect as a matter of law. *Green v. Welsh*, 956 F.2d 30 (2d Cir.1992); *In re Shondel*, 950 F.2d 1301, 1306 (7th Cir.1991); *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir.1989); *Arkansas Real Estate Commission v. Veteto*, 303 Ark. 475, 798 S.W.2d 52 (Ark.1990); *In re Lembke*, 93 B.R. 701, 702–03 (Bankr.D.N.D.1988). Indeed, it is permissible to continue prosecution against a debtor if such action is necessary to prove liability as a prerequisite to recovery from the liability insurer.[1]

*Green*, 956 F.2d at 34. If the insurance policy covers the incident, Cooper may yet pursue that asset.

■ Upon entry of the Trustee's Report of No Distribution, the trustee effectively abandoned any interest of the estate in the insurance policy. 11 U.S.C. § 554(c). Accordingly, the property, having been abandoned, the automatic stay is no longer in effect as to the insurance policy. 11 U.S.C. § 362(c)(1). Since the automatic stay is no longer in effect as to the property, the insurance policy, the motion for relief from stay does not present a justiciable issue for the Court. Cooper is free to continue her litigation pending in state court, and was free to do so on January 6, 1993, when the Report of No Distribution was filed with the Clerk.

This Court expressly makes no determination as to whether or not the insurance policy was property of the estate. Since the trustee abandoned any interest the estate may have had, this Court need not decide that issue. Whether the policy may be invoked to cover any liability determined in the state court wrongful death proceedings is properly before another court of competent jurisdiction.

**ORDERED** that the Creditor's Motion for Partial Lift of Automatic Stay, filed on February 10, 1993, is DENIED because it does not present a justiciable issue.

**FURTHER ORDERED** that the Motion to Intervene filed by the Farmers Insurance Company, Inc., on February 19, 1993, is Denied as moot.

**IT IS SO ORDERED.**

---

1. Of course, no collection action may be taken against the debtor.