In re Carolina R. ARBOLEDA, Debtor.

Brenda Porter HELMS,
Trustee, Plaintiff,

v.

Carolina R. ARBOLEDA f/k/a Carolina
R. Chang and Christina Lopez,
Defendants.

Bankruptcy No. 97 B 00811.
Adversary No. 98 A 00229.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Aug. 27, 1998.

---

Brenda Porter Helms, Trustee, Raleigh, Helms & Finks, Wheaton, IL, for Plaintiff.

John A. Myers, Jr., Naperville, IL, for Carolina R. Arboleda.

Kent A. Gaertner, Mohr & Gaertner, Naperville, IL, for Christina Lopez.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

These matters come before the Court on the motion of Brenda Porter Helms, the Chapter 7 Case Trustee (the "Trustee"), to reopen the Debtor's bankruptcy case pursuant to 11 U.S.C. § 350(b) and on the motions of the Defendants, the Debtor and Christina Lopez ("Lopez") to dismiss the complaint in the related adversary proceeding. For the reasons set forth herein, the Court denies the Trustee's motion to reopen the bankruptcy case. In addition, the Court grants in part and denies in part the motions of the Debtor and Lopez to dismiss the complaint.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(A), (H) and (O).

### II. FACTS AND BACKGROUND

On January 10, 1997, the Debtor filed a Chapter 13 bankruptcy petition. By a notice of conversion under Federal Rule of Bankruptcy Procedure 1017(d), which was filed on February 19, 1997, the case was converted to Chapter 7. The 11 U.S.C. § 341 meeting was held on April 22, 1997, with both the Debtor and her counsel present. The Trustee conducted the meeting and the Debtor testified. Thereafter, on May 9, 1997, the Trustee filed a no-asset report. The Debtor received a discharge on August 10, 1997. The bankruptcy case was subsequently closed on August 18, 1997.

On February 4, 1998, the Trustee filed this adversary proceeding against the Debtor and her sister, Lopez. In Count I of the complaint, the Trustee contends that on February 5, 1997, the Debtor transferred $15,000.00 to Lopez post-petition in violation of 11 U.S.C. § 549(a)(1). In Count II, on information and belief, the Trustee contends that the Debtor transferred approximately $20,000.00 to Lopez pre-petition with an actual intent to hinder, delay and defraud creditors, which is avoidable under 11 U.S.C. § 548(a)(1) and recoverable under 11 U.S.C. § 550. In Count III, the Trustee alternatively alleges that the Debtor transferred approximately $20,000.00 to Lopez pre-petition with such actual fraudulent intent in violation of the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.* and the strong-arm powers of 11 U.S.C. § 544. In Count IV, the Trustee alternatively seeks relief for the same approximate $20,000.00 transferred to Lopez which was allegedly made for less than reasonably equivalent value in violation of 11 U.S.C. §§ 544 and 550 and 740 ILCS 160/6(a). Additionally, in Count V, the Trustee seeks to revoke the Debtor's discharge pursuant to 11 U.S.C. § 727(d) for her alleged failure to disclose all assets on her schedules and all transfers (apparently the ones referred to in Counts I–IV).

On April 8, 1998, Lopez filed a motion to dismiss the complaint. Thereafter, on May 22, 1998, the Debtor also filed a motion to dismiss the complaint. The Defendants contend that the complaint should be dismissed

for a "lack of personal or subject matter jurisdiction" resulting from the closure of the bankruptcy case in August, 1997. In addition, the Defendants argue that the statutes of limitations under 11 U.S.C. §§ 546(a), 549(d) and 550(f) bars Counts I–IV of the complaint. Also, the Defendants maintain that the property allegedly transferred by the Debtor has been effectively abandoned by the Trustee and the case fully administered under 11 U.S.C. § 554(c). Finally, they contend that in Counts II–V, the Trustee has failed to plead the alleged fraudulent transfers and other wrongful conduct with particularity as required by Federal Rule of Civil Procedure 9(b).

On July 7, 1998, the Trustee filed a motion to reopen the bankruptcy case and vacate the filing of the no-asset report. Both Defendants oppose the motion to reopen the case. The Court will discuss each motion in turn.

## III. DISCUSSION

### A. The Trustee's Motion to Reopen the Bankruptcy Case

The Trustee's motion to reopen the bankruptcy case is based on the matters alleged in the related adversary proceeding. She contends that the Debtor's transfers to Lopez "may have" been fraudulent. Both Lopez and the Debtor object to the reopening of the bankruptcy case almost eleven months after it was closed and the Debtor received her discharge. They filed separate responses through their respective counsel with almost identical arguments. They contend that the pre-petition transfers from the Debtor to Lopez were fully disclosed to the Trustee in the Debtor's Statement of Financial Affairs and at the § 341 meeting by way of the Debtor's testimony. See Exhibits A and B to Response of Lopez to Trustee's Motion to Reopen Case and Exhibits A and B to Response of Debtor to Trustee's Motion to Reopen Case. In addition, they argue that the Trustee was also made aware of the Debtor's transfers to Lopez because an earlier adversary proceeding (97 A 00889) was filed on June 23, 1997, by the Debtor's former spouse against the Debtor and Lopez with respect to the pre-petition transfers. See Exhibit D to Response of Lopez to Trustee's Motion to Reopen Case. The

Trustee was on the service list for four motions that were filed in that adversary proceeding and thus had actual notice of that proceeding and the contents thereof. See Exhibit C to Response of Lopez to Trustee's Motion to Reopen Case.

According to the Defendants, the Trustee was aware of the transfers between February 19, 1997, the date of conversion of the bankruptcy case from Chapter 13 to Chapter 7, and August 10, 1997, the date of the Debtor's discharge. Despite this knowledge, she took no action to further investigate the nature of the transactions. It was not until approximately six months after the Debtor's bankruptcy case was closed that the Trustee filed the instant adversary proceeding against the Debtor and Lopez, and it was not until July, 1998, that she sought to reopen the closed bankruptcy case. The Defendants contend that the Trustee has not been reasonably diligent and is barred by the doctrine of laches. They argue that they are burdened with the fees and costs of defending these matters long after the Trustee was made aware of the transfers, filed her no-asset report and the case was closed.

Section 350(b) of the Bankruptcy Code allows for the reopening of a case to administer assets. This section provides:

A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b). The Court has broad discretion when it comes to reopening cases; § 350(b) is not mandatory. In re Bianucci, 4 F.3d 526, 528 (7th Cir.1993) (citing In re Shondel, 950 F.2d 1301, 1304 (7th Cir.1991)); White v. Boston, 104 B.R. 951, 958 (S.D.Ind. 1989) (the longer the period between closing and reopening, the more cause must be shown to warrant a reopening). Although no time limit is specified during which a motion to reopen must be filed, such a motion must be filed within a reasonable time and laches may justify the denial of the motion. In re Frontier Enters., Inc., 70 B.R. 356, 359 (Bankr.C.D.Ill.1987). In order to reopen a case under § 350(b) and Federal Rule of Bankruptcy Procedure 5010 to administer as-

sets, the assets must not be known at the time the case was closed. *See* 3 L. King, *Collier on Bankruptcy* ¶ 350.03[1] at 350–5 (15th ed. rev.1998).

■ Furthermore, 11 U.S.C. § 554(c), which deals with abandonment of property of the estate, provides:

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

11 U.S.C. § 554(c). Section 554(c) provides for a "technical abandonment" of property of the estate. *In re Ozer*, 208 B.R. 630, 632 (Bankr.E.D.N.Y.1997). In determining whether a Chapter 7 trustee who has been discharged has standing to make a motion to reopen a case, courts have considered the language of § 554(c) "[u]nless the court orders otherwise...." *Id.* at 633. Courts have held that this language grants the authority to reopen a bankruptcy case and undo a technical abandonment under appropriate circumstances. *Id.* at 633 (citing *Neville v. Harris (In re Neville)*, 192 B.R. 825 (D.N.J. 1996) and *In re Shelton*, 201 B.R. 147 (Bankr. E.D.Va.1996)). The determination as to whether appropriate circumstances exist include: (1) whether denial of the motion would result in an injustice to creditors; (2) whether the trustee was initially afforded the ability to make an informed decision with respect to administering the asset; (3) whether the debtor substantially improved the abandoned property; (4) whether the failure to properly administer the property was the trustee's fault; and (5) whether significant time has passed since the trustee abandoned the property. *Id.*

The Court has considered all of these factors. No clear showing has been made by the Trustee of any injustice to creditors from the denial of her motion. She had ample opportunity to investigate the transfers disclosed by the Debtor, but instead, for unspecified reasons, quickly filed a no-asset report. Any failure to timely take action to avoid the transfers lies with the Trustee. It was not until almost nine months later she filed this adversary proceeding. According

to the *Ozer* case, the only universal exceptions to the finality of abandonment of an asset by a trustee are where the trustee is given incomplete or false information of the asset by the debtor, or the debtor has failed to list the asset on the schedules and petition altogether. *Id.* (citation omitted). *Ozer* also noted that where the trustee's abandonment was the result of mistake or inadvertence and no undue prejudice would result, revocation of the abandonment has been allowed. *Id.* (citations omitted). At least several of the pre-petition transfers to Lopez were duly detailed on the filed Schedules and the Trustee cross-examined the Debtor about them at the § 341 meeting. The only transfer apparently not disclosed to the Trustee was the Debtor's post-petition unscheduled transfer to Lopez (the subject of Count I) which the Trustee avers she did not learn of until December, 1997. Otherwise, there is no showing of excusable mistake or inadvertence by the Trustee or the furnishing of incomplete or misleading information by the Debtor.

■ An asset is not abandoned by operation of law under § 554(c) unless it has been formally scheduled before the case is closed, even if the trustee had knowledge of the asset. *Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir.1995). The filing of a no-asset report does not abandon property of the estate until the case is closed. *In re Reed*, 940 F.2d 1317, 1321 (9th Cir.1991). Upon the entry of the no-asset report, a trustee effectively abandons any interest the bankruptcy estate has in property. *See Cooper v. Walker (In re Walker)*, 151 B.R. 1006, 1008 (Bankr. E.D.Ark.1993). This is precisely what happened here and as a practical matter should serve as a real deterrent to case trustees from precipitately filing no-asset reports which usually trigger a fast closure of Chapter 7 cases, at least in this District.

■ The Court declines to exercise its discretionary power and reopen the case under § 350(b). The Trustee was clearly aware of most of the transfers from the Debtor to Lopez. The Debtor disclosed the transfers both in her response on the Statement of Affairs and at the § 341 meeting. *See* Exhibits A and B to Response of Lopez to

Trustee's Motion to Reopen Case and Exhibits A and B to Response of the Debtor to Trustee's Motion to Reopen the Case. In her answer to item 7 on the Statement of Affairs, the Debtor disclosed the dates, amounts of pre-petition payments and purpose of the loans from Lopez. The Trustee was advised by the Debtor at the § 341 meeting that the purpose of the money given to her in escrow by Lopez was for a down payment on the refinancing of the Debtor's house and was conditional on that refinancing occurring. *See* Exhibit B to Response of Lopez to Trustee's Motion to Reopen Case and Exhibit B to Response of the Debtor to Trustee's Motion to Reopen Case. Apparently, some of the money was returned by the Debtor to Lopez when the refinance did not occur. Moreover, despite the allegations by the Debtor's former spouse in the other adversary proceeding he filed against the parties, the Trustee did not further pursue the matter with the Debtor or Lopez after the § 341 meeting. Rather, the Trustee filed a no-asset report on May 9, 1997.

In her response to the motions to dismiss, the Trustee alleges that the Debtor may not have testified truthfully and fully at the § 341 meeting as to the circumstances surrounding the transfer of the money. Further, the Trustee maintains that she did not receive a copy of the $15,000.00 post-petition check from the Debtor to Lopez (the subject of Count I) until December, 1997. This being the case, the Court is still perplexed as to why the Trustee filed a no-asset report in May, 1997, knowing of the pre-petition transfers she now seeks to avoid and recover, and took no action to vacate it after the adversary proceeding was filed by the Debtor's former spouse in June, 1997. If in fact the Trustee still had questions regarding these matters under Counts II–IV, why did she file the no-asset report to begin with and not take earlier action until July, 1998 to vacate it? Almost a year had passed since the Debtor was discharged and the case closed. Thus, application of the doctrine of laches bars the reopening of this case as a result of the Trustee's lack of due diligence. *See, e.g., In re Perez,* 98 B.R. 386, 389–90 (Bankr. N.D.Ill.1989) (citations omitted).

Clearly, as of the date of the § 341 meeting as well as of the date of the filing of the Statement of Affairs, the Trustee was chargeable with knowledge of the transfers by the Debtor to Lopez, an insider by statute under 11 U.S.C. § 101(31)(A), which if avoidable, would be administrable assets of the estate. She was under a duty to promptly investigate and administer such assets. That the Trustee chose not to promptly investigate or timely pursue or administer the assets, thereby allowing the case to be closed and those transfers effectively abandoned under § 554(c), properly precludes her at this late date from reopening the case. The objections of the Debtor and Lopez are sustained and the Trustee's motion to reopen the bankruptcy case is denied. It is also clear to the Court that based on the timing of the Trustee's motion to reopen, it is a patent attempt to avoid the statutes of limitations defenses urged by the Defendants in the related adversary proceeding discussed hereafter.

**B.** *Motions of the Debtor and Lopez to Dismiss*

In order for the Debtor and Lopez to prevail on their motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and its bankruptcy analogue Rule 7012, it must clearly appear from the pleadings that the Trustee can prove no set of facts in support of her claims which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Colfax Corp. v. Illinois State Toll Highway Auth.,* 79 F.3d 631, 632 (7th Cir. 1996) (citation omitted); *Meriwether v. Faulkner,* 821 F.2d 408, 411 (7th Cir.), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The Seventh Circuit has emphasized that "[d]espite their liberality on pleading matters … the federal rules still require that a complaint allege facts that, if proven, would provide an adequate basis for each claim." *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir.1988) (citations omitted). It is well established that alleging mere legal conclusions, without a factual predicate, is inadequate to state a claim for relief. *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir. 1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Moreover, the Court

must take as true all well pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the Trustee. *See Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir.1995); *Infinity Broadcasting Corp. of Illinois v. Prudential Ins. Co. of America,* 869 F.2d 1073, 1075 (7th Cir.1989); *Corcoran v. Chicago Park Dist.,* 875 F.2d 609, 611 (7th Cir.1989); *Marmon Group, Inc. v. Rexnord, Inc.,* 822 F.2d 31, 34 (7th Cir.1987). The issue is not whether the Trustee will ultimately prevail, but whether she has pleaded a cause of action sufficient to entitle her to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Demitropoulos v. Bank One Milwaukee, N.A.,* 915 F.Supp. 1399, 1406 (N.D.Ill.1996) (citing *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990)).

Lopez and the Debtor filed almost identical motions to dismiss the complaint, asserting many bases. The Court will discuss each ground in turn. First, the Defendants contend that all counts of the complaint should be dismissed on the basis that the Debtor's bankruptcy case was closed and has never been reopened. The Defendants somewhat cryptically contend that the Trustee lacks personal and subject matter jurisdiction because she is no longer a functioning Trustee in the Debtor's bankruptcy case. The Trustee responds that she has filed a motion to reopen the bankruptcy case which would moot these objections.

■ The Defendants' jurisdictional challenge is denied. The Court notes that the issue of in personam jurisdiction generally relates to whether the Defendants have been properly served with summons and complaint. No such arguments were raised. The subject matter jurisdiction point raised really concerns the Court's power and jurisdiction not the Trustee (who has none). The subject matter jurisdiction over this adversary proceeding properly lies with the Court under 28 U.S.C. § 1334(b) and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois which automatically refers all bankruptcy cases and related adversary proceedings to the bankruptcy judges of the District Court.

■ As a general rule, dismissal or closure of a bankruptcy case usually results in dismissal of related adversary proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings, but this general rule is not without exception. *In re Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1289 (7th Cir.1995) (citation omitted). The Seventh Circuit in *Chapman v. Currie Motors, Inc.,* 65 F.3d 78, 81 (7th Cir.1995) held that "related to" jurisdiction is sufficiently capacious to protect the interest of judicial economy and argues powerfully for keeping a case in a court system when a case has proceeded through one court system and is almost finished there. The issue in *Chapman* was whether the district court had the discretion to relinquish its jurisdiction over an adversary proceeding based solely and purely on state law claims when the underlying bankruptcy case was dismissed. The Seventh Circuit held that where the issues involved revolved solely around the meaning of a pair of state judgments, the federal link was so tenuous that the district court had the discretion to relinquish its related to jurisdiction, and that it properly exercised that discretion, even though jurisdiction over the adversary proceeding did not automatically end upon the dismissal of the underlying bankruptcy case. *Id.* at 81–82. In *Statistical Tabulating,* the Seventh Circuit stated that in the case of a related adversary proceeding or a related state law claim, the bankruptcy court would have the discretion to retain or relinquish jurisdiction over the related matter when the underlying bankruptcy case is dismissed. 60 F.3d at 1287 n. 1. "As *Chapman* and *Statistical Tabulating* make clear, this Court has discretion to retain jurisdiction over any adversary proceeding when dictated by judicial economy, fairness and convenience to the parties, and the degree of difficulty of the related legal issue involved." *Rodriguez v. Volpentesta (In re*

*Volpentesta),* 187 B.R. 261, 270 (Bankr. N.D.Ill.1995) (citation omitted).

■ The Court agrees with *Volpentesta* and will exercise its discretion and retain jurisdiction over the instant adversary proceeding even though the underlying bankruptcy case has been closed and the Court denied the Trustee's motion to reopen the case. In the interest of judicial economy, fairness and convenience to the parties, the Court will not dismiss the adversary proceeding for want of subject matter jurisdiction. Some of the causes of action set forth in the various counts of the complaint are unique bankruptcy causes of action not heard in state court. *See Volpentesta,* 187 B.R. at 270–71. Moreover, all parties have already expended substantial time, energy, and effort on this adversary proceeding. The better exercise of the Court's discretion warrants exercising its jurisdiction over this adversary proceeding. Thus, the Defendants' motions to dismiss are denied on this ground.

■ Next, the Defendants argue that Count I of the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) on the basis that 11 U.S.C. § 549(d)(2) bars this action because it was not brought prior to the bankruptcy case being closed on August 18, 1997. Section 549(d) of the Bankruptcy Code provides:

(d) *An action or proceeding under this section may not be commenced after the earlier of—*

(1) two years after the date of the transfer sought to be avoided; or

(2) *the time the case is closed or dismissed.*

11 U.S.C. § 549(d) (emphasis supplied). The common law doctrine of equitable tolling may be applied to the statute of limitations set forth in § 549(d) where concealment has occurred. *Consolidated Partners Inv. Co. v. Lake,* 152 B.R. 485, 492 (Bankr.N.D.Ohio 1993). This doctrine has not been argued by the Trustee and the Court declines to invoke it sua sponte. The Court does not have a duty to research and construct legal arguments available to a party. *Head Start Family Educ. Program, Inc. v. Cooperative*

*Educ. Serv. Agency, 11,* 46 F.3d 629, 635 (7th Cir.1995).

■ The Court must dismiss Count I of the complaint on the basis that this adversary proceeding was not brought prior to the time the Debtor's bankruptcy case was closed. The case was closed on August 18, 1997, and the Trustee filed the adversary proceeding on February 4, 1998. Thus, the statute of limitation under § 549(d)(2) clearly bars Count I of the complaint.

Further, the Defendants seek to dismiss Count I pursuant to 11 U.S.C. § 348(f)(1)(A) on the basis that the subject $15,000.00 was not property of the Chapter 7 estate because it did not remain in the possession or control of the Debtor at the date of the conversion of the case from Chapter 13 to Chapter 7. The Trustee responds that § 348(f)(1)(A) was not intended to deprive a bankruptcy trustee of powers pursuant to 11 U.S.C. §§ 547–550. If it was, then no trustee would ever be able to bring actions pursuant to those sections because the property will always have been transferred to another party. Furthermore, the Trustee argues that 11 U.S.C. § 541 defines property of the estate as all legal and equitable interests of the debtor as of the commencement of the case and all property recovered pursuant to § 550. Section 348(f)(1)(A) provides:

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title–

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion....

11 U.S.C. § 348(f)(1)(A).

The Court denies the Defendants' motion to dismiss Count I on the basis that the property did not remain in the possession or control of the Debtor. In order to survive a motion to dismiss, the allegations must state a claim upon which relief can be granted. The issue is not whether the Trustee will ultimately prevail, but whether she has pleaded a cause of action sufficient to entitle her to offer evidence in support of her claims.

The Defendants are arguing the underlying merits of the claim which the Court will not address at this point in the pleadings. Accordingly, the Court denies the motions to dismiss Count I under § 348(f)(1)(A).

■ Next, the Defendants seek to dismiss all counts of the complaint on the basis that under 11 U.S.C. § 554(c), the Trustee chose not to administer the pre-petition transfers and therefore technically abandoned those funds. As the Court previously discussed, the Trustee effectively abandoned the disclosed pre-petition property transfers under § 554(c) when she filed a no-asset report in the Debtor's bankruptcy case. The Debtor filed a Statement of Affairs as part of her bankruptcy petition on January 10, 1997. In item 7 thereof, the Debtor disclosed the dates, amounts and purpose of the loans. Thus, the transfers were scheduled by the Debtor as required by 11 U.S.C. § 521(1). Subsequently, at the § 341 meeting on April 22, 1997, the Debtor testified regarding these transfers. The Trustee chose not to pursue Lopez regarding those pre-petition transfers but filed her no-asset report in May, 1997, leading to the case closure on August 18, 1997. Hence, under § 554(c) the funds were effectively abandoned and deemed to be administered under § 350. Thus, the Court grants the motion of the Defendants to dismiss Counts II, III and IV of the complaint on this basis. The Defendants further contend that Counts II, III and IV of the complaint are barred by the statute of limitations contained in 11 U.S.C. § 550(f)(2) in that the adversary proceeding was not brought prior to the case being closed on August 18, 1997. Similar to the effect of § 549(d), § 550(f) provides:

> (f) *An action or proceeding under this section may not be commenced after the earlier of—*
>
> (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or
>
> (2) *the time the case is closed or dismissed.*

11 U.S.C. § 550(f) (emphasis supplied).

■ Because the case was closed on August 18, 1997, and the adversary proceeding was not filed until February 4, 1998, the Court grants the Defendants' motion to dismiss Counts II, III and IV of the complaint on the ground that the statute of limitations contained in § 550(f)(2) bars the proceeding.

Similarly, the Defendants argue that Counts II, III and IV of the complaint are also barred by the statute of limitations under 11 U.S.C. § 546(a) because the bankruptcy case was closed on August 18, 1997, and the adversary proceeding was not instituted until February 4, 1998. Section 546(a) provides:

> (a) *An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—*
>
> (1) the later of—
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2) *the time the case is closed or dismissed.*

11 U.S.C. § 546(a) (emphasis supplied). Section 546(a)(2) has a time limit: the last moment to act is "the time the case is closed or dismissed." *Gleischman Sumner Co. v. King, Weiser, Edelman & Bazar,* 69 F.3d 799, 801 (7th Cir.1995).

The Court grants the Defendants' motion to dismiss on this ground as well. The bankruptcy case was closed on August 18, 1997, and the Trustee filed the adversary proceeding on February 4, 1998. Thus, under § 546(a), the statute of limitations bars Counts II, III and IV of the complaint. Statutes of limitation are to be strictly construed and the Court will so apply them. *See Steege v. Lyons (In re Lyons),* 130 B.R. 272, 281 (Bankr.N.D.Ill.1991); *Quaid v. Friedman (In re Friedman),* 15 B.R. 493, 494 (Bankr. N.D.Ill.1981).

Next, the Defendants contend that Count II of the complaint, which alleges that the Defendants engaged in a fraudulent transfer of assets under § 548(a), Count III of the

complaint, which alleges that the Debtor made a fraudulent transfer to Lopez in violation of the Illinois Fraudulent Transfer Act, 740 ILCS 160/5(a) and § 544, Count IV of the complaint which alleges that the Debtor made a fraudulent transfer to Lopez in violation of the Illinois Fraudulent Transfer Act, 740 ILCS 160/6(a) and § 544, and Count V of the complaint, which seeks the revocation of the Debtor's discharge under § 727(d), all fail to provide specific facts regarding the alleged fraudulent transfers—the when, where, what or how it was accomplished in violation of Federal Rule of Civil Procedure 9(b). The Trustee states that she has pleaded fraud with particularity, even going so far as to attach a copy of the $15,000.00 check that may have accomplished the fraudulent transfer. The only particularity pleaded by the Trustee related to the time-barred Count I based on § 549 in which fraud is not the gravamen of that theory, but rather, that the transfer was an unauthorized post-petition transfer. Thus, the Trustee's argument is inapposite to the defects in Counts II–V.

Federal Rule of Civil Procedure 9(b), which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7009 provides that "[i]n all averments of fraud or mistake, *the circumstances constituting fraud or mistake shall be stated with particularity.* Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b) (emphasis supplied). When alleging fraud in a complaint, it is only necessary to set forth the basic outline of fraud and to indicate who made the misrepresentations and the time and place the misrepresentations were made. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 777 (7th Cir.1994) (Rule 9(b) requires the plaintiff to state: "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.") (citations omitted); *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (Rule 9(b) "particularity" means "the who, what, when, where, and how: the first paragraph of any newspaper story"). Therefore, it is not necessary that a plaintiff plead each element of fraud, "so long as the cir-

cumstances constituting fraud have adequately been set forth." *Rezin v. Barr (In re Barr),* 188 B.R. 565, 570 (Bankr.N.D.Ill. 1995) (citing *Midwest Grinding Co., Inc. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir.1992)). Mere conclusory allegations without a description of the underlying fraudulent conduct will not satisfy the requirements of Rule 9(b) and may warrant dismissal. *Veal v. First Am. Sav. Bank,* 914 F.2d 909, 913 (7th Cir.1990). Rule 9(b) does not require plaintiffs to plead facts to which they lack access prior to discovery. *Katz v. Household Int'l, Inc.,* 36 F.3d 670, 675–76 (7th Cir.1994).

Count II of the Trustee's complaint alleges that the Debtor transferred approximately $20,000.00 to Lopez prior to filing the bankruptcy case. She states mostly on information and belief that the transfers were made with an actual or constructive intent to hinder, delay and defraud the Debtor's creditors. Count III of the Trustee's complaint merely states the same allegations contained in Count II except that the Trustee alleges that there was no consideration for the transfers of the funds. These conclusory allegations standing alone are insufficient under the pleading requirements of Rule 9(b). The Trustee has failed to specify the precise what, when, where and how of the alleged fraudulent transfers. The bare bones allegations in these counts are insufficient and the Court thereby grants the motions of the Debtor and Lopez to dismiss Counts II and III on this basis.

Count IV only avers that the Debtor transferred approximately $20,000.00 to Lopez without receiving reasonably equivalent value in exchange for the transfers. Further, the Trustee alleges that the Debtor was insolvent at the time of the transfers or became insolvent as a result of the transfers. The Court will not dismiss Count IV of the complaint because actual fraud is not the gravamen of this cause of action. Rather, this count is premised on the ground that the transfers were for less than reasonably equivalent value.

Next, the Defendants argue that Count V of the complaint, which seeks revocation of the Debtor's discharge under § 727(d)

should be dismissed for the failure to plead fraud with particularity. The Trustee avers in this count that the Debtor failed to disclose all assets on her bankruptcy schedules and failed to disclose all transfers on her bankruptcy statements, or alternatively, the Debtor transferred her assets post-petition without Court approval. Section 727(d)(1) provides:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> > (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

11 U.S.C. § 727(d)(1).

The conclusory allegations of fraud in Count V of the complaint are insufficient to survive the Defendants' motion to dismiss. Again, the circumstances surrounding the alleged fraudulently obtained discharge have not been pleaded with specificity. Thus, the Court grants the Defendants' motion to dismiss Count V of the complaint.

Lastly, the Defendants seek to dismiss Count V of the complaint on the basis that the Trustee has failed to state a claim upon which relief can be granted because she was fully advised as to the existence of the alleged fraudulent transfers prior to the Debtor receiving her discharge. The Court hereby grants the motion to dismiss on this basis. The Debtor's Schedules coupled with her testimony at the § 341 meeting of creditors put the Trustee on actual notice of a number of pre-petition transfers to Lopez for approximately fifteen months prior to the Debtor's discharge. Such knowledge defeats the Trustee's attempt here to revoke the discharge. *See State Bank of India v. Kaliana (In re Kaliana)*, 202 B.R. 600, 605–06 (Bankr.N.D.Ill.1996).

### IV. *CONCLUSION*

For the foregoing reasons, the Court hereby denies the Trustee's motion to reopen the bankruptcy case under § 350(b). In addition, the Court grants in part and denies in part the motions of the Debtor and Lopez to dismiss the complaint.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.