Lamar CHAPMAN, III, Plaintiff–Appellant,

v.

CURRIE MOTORS, INC., Defendant–Appellee.

No. 94–1945.

United States Court of Appeals, Seventh Circuit.

Submitted July 13, 1995.

Decided Aug. 31, 1995.

Steven Bernstein (submitted), Berger & Associates, Lincolnwood, IL and Burton Berger, Dordek, Rosenburg & Associates, Lincolnwood, IL, for appellee.

Lamar Chapman, III, Matteson, IL, pro se.

Before POSNER, Chief Judge, and PELL and CUDAHY, Circuit Judges.

POSNER, Chief Judge.

The question presented by this appeal, a new question in this circuit, is whether and in what circumstances a federal district court may or must relinquish jurisdiction over an adversary proceeding based solely on state law when the underlying bankruptcy proceeding is dismissed.

Lamar Chapman, the debtor in a bankruptcy proceeding under Chapter 13 of the Bankruptcy Code (a counterpart, for small debtors, see 11 U.S.C. § 109(e), of Chapter 11 of the Code, the reorganization chapter), filed, in his capacity as debtor in possession, an adversary proceeding against one of his creditors, Currie Motors. He claimed that Currie owed him some $200,000. In support of this claim, Chapman (unrepresented by counsel), presented a judgment that a state court had issued in Chapman's favor against the creditor. The judgment is captioned a "default and conditional judgment," which, Currie contends, under state law is not enforceable without further actions, such as

service of process on the defendant, that Chapman had failed to take.

We cannot find any reference in Illinois statutes or cases, or anywhere else for that matter, to the term "default and conditional judgment." The term "conditional judgment" is found in the Illinois statutes dealing with garnishment, 735 ILCS 5/12–706, 5/12–807; but garnishment, of course, is a procedure for collecting a judgment out of money owed the judgment debtor by a third party, not a procedure for collecting the judgment from the debtor himself. Nevertheless Chapman purported to bring his suit against Currie—the alleged debtor—as a garnishment proceeding, and somehow managed to obtain, apparently without notice to Currie, and thus "by default," a "conditional judgment": so "default and conditional judgment." That judgment was unenforceable, since Chapman was not a judgment creditor and hence was not entitled to bring a garnishment proceeding against anyone, let alone the alleged debtor. Not surprisingly, the bankruptcy judge dismissed Chapman's claim, which had been based exclusively upon the "default and conditional judgment."

Chapman appealed the dismissal to the district judge, 28 U.S.C. § 158(a)(1), and in the oral argument of the appeal claimed that he had obtained a *final* judgment in state court, not merely the "default and conditional judgment." The district judge remanded the case with directions that the bankruptcy judge add that judgment to the record. The bankruptcy judge did so, and the case returned to the district judge. The judgment, it turned out, far from being a final judgment in Chapman's favor, was a dismissal of the "default and conditional judgment" (presumably because the court discovered that Chapman was not a judgment creditor) and thus demolished his claim, which had no other basis than the "default and conditional judgment." Meanwhile, Chapman's Chapter 13 proceeding had been dismissed, apparently because he had failed to keep up the monthly payments proposed in his plan, although this is unclear.

Rather than dismiss the adversary proceeding on the merits, the district judge relinquished jurisdiction over the adversary proceeding, thus sending the parties back to the state courts, where Chapman had appealed from the judgment vacating his default and conditional judgment. We do not know the status of that appeal. His appeal to our court is from the district judge's action in dismissing the adversary proceeding on jurisdictional grounds.

This is one of the all too frequent cases in which a person who does not have the benefit of legal counsel wastes the time of several courts for several years (Chapman filed the adversary proceeding in 1992) with legally frivolous, and mostly incomprehensible, filings. And worse: there is a strong flavor of fraud on the court (possibly of bankruptcy fraud as well) in Chapman's representation that he had a final state-court judgment in his favor, when in fact that judgment was a judgment dismissing his frivolous garnishment proceeding. The case should have been ended with his appeal to the district judge. We cannot think of any reason why the judge thought it necessary or appropriate to bounce the case back to the bankruptcy judge merely because at the oral argument of the appeal to him Chapman had alleged the existence of a judgment in his favor that was not in the record. Either the gap in the record should have been ignored, because it was Chapman's responsibility as appellant to submit the pertinent portions of the record to the district judge on appeal, or the judge should simply have told Chapman to submit the judgment to him. The judge should not have delayed the proceedings for a remand, during which the issues became complicated by the dismissal of the underlying bankruptcy action. Litigation is not a quadrille, and needless formalities should be avoided.

■■■■ That is water under the bridge. The question before us is the proper disposition of an adversary proceeding that is not yet concluded when the bankruptcy proceeding out of which it arose ends. The bankruptcy jurisdiction of the federal courts extends to "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Code]." 28 U.S.C. § 1334(b). The adversary proceeding brought by Chapman against one of the creditors in the bankruptcy proceeding was "re-

lated to" the bankruptcy proceeding, *Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir.1994), itself, of course, a case arising under the Bankruptcy Code, so federal jurisdiction over the adversary proceeding when initiated was secure. Ordinarily, when a case is within federal jurisdiction when filed, it remains there even if subsequent events eliminate the original basis for federal jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938); *Pratt Central Park Limited Partnership v. Dames & Moore, Inc.*, 60 F.3d 350, 351 (7th Cir. 1995). So if the parties were of diverse citizenship when the case was filed, the fact that a subsequent change of residence by one or both of them makes them citizens of the same state, or that nondiverse parties are added, does not affect the district court's jurisdiction. *Freeport–McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam). Otherwise a litigant who didn't like the way his case was going could, even on the eve of judgment, engineer its dismissal, allowing him to start over in a different court. Exactly the same danger would be created if the debtor in an adversary proceeding could bounce the proceeding out of federal court by procuring the dismissal of the underlying bankruptcy proceeding, which Chapman in effect did by defaulting on his Chapter 13 payment scheme. And, strategic considerations to one side, when a case has proceeded through one court system and is almost finished with there, the interest in judicial economy argues powerfully for keeping the case in that court system to the end rather than starting from scratch in a different system. The concept of "related to" jurisdiction is sufficiently capacious to protect this interest in judicial economy, and Congress has expressed its intention that the dismissal of a bankruptcy proceeding should not disrupt the relations between the debtor and his creditors. See 11 U.S.C. § 349.

▬ But where the only basis for federal jurisdiction over a claim is that it is pendent or ancillary, or as is now called "supplemental," to a federal claim, 28 U.S.C. § 1367(a), the court should be, and it is, allowed to relinquish jurisdiction over the supplemental claim if the federal claim falls out of the case before judgment. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir.1994); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181–82 (7th Cir. 1993). The relation between an adversary proceeding based as here exclusively on state law and the bankruptcy proceeding out of which it arises is functionally identical to that between a supplemental proceeding and the federal claim to which it is supplementary. We agree therefore with the other courts to have addressed the issue that the same standards should apply to the question whether and in what circumstances to retain the supplemental (here, the adversary) claim when the main claim (here, the bankruptcy proceeding itself) is resolved. *In re Porges*, 44 F.3d 159, 162–63 (2d Cir.1995); *In re Querner*, 7 F.3d 1199 (5th Cir.1993); *In re Carraher*, 971 F.2d 327 (9th Cir.1992) (per curiam).

We say this in full awareness that there is a serious question whether 28 U.S.C. § 1367 is applicable to bankruptcy cases. *In re Walker*, 51 F.3d 562, 572–73 (5th Cir.1995); Susan Block-Lieb, "The Case Against Supplemental Bankruptcy Jurisdiction: A Constitutional, Statutory, and Policy Analysis," 62 *Fordham L.Rev.* 721 (1994); *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 115 (2d Cir.1992). Indeed, we may assume it is not. But if it is not, this is mainly because it would step on the toes of the bankruptcy statute conferring "related to" jurisdiction. That grant of jurisdiction brings into the federal courts a host of claims purely of state law for which the only federal jurisdictional handle is the bankruptcy jurisdiction. It is handle enough, so jurisdiction over the adversary claim is secure even if section 1367 is inapplicable. But when the bankruptcy proceeding is dismissed, the adversary claim (when based solely on state law) is like the cartoon character who remains momentarily suspended over a void, spinning his legs furiously, when the ground has been (quite literally) cut out from under him. So tenuous is the federal link that the court ought to have the power to relinquish jurisdiction over the adversary claim if no possible federal interest, including the interest in reducing the

cost of the bankruptcy process, would be served by retention.

■ Ought and is are not synonyms; and section 1367 was passed because of doubts that *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), had cast on the propriety of the judge-made doctrines of pendent and ancillary jurisdiction. H.R.Rep. No. 734, 101st Cong., 2d Sess. 28 (1990). The doubts expressed in *Finley,* though, were doubts not about the propriety of relinquishing jurisdiction in such cases but about the propriety of the jurisdiction itself because of its judge-made character. The "related to" provision of the Bankruptcy Code, being an explicit statutory provision well grounded in the constitutional conferral of bankruptcy jurisdiction, stills any such doubts here. The power of a federal court that has unquestioned jurisdiction nevertheless to relinquish it in an appropriate case does not depend on statute, as we know from the *Pullman, Burford,* and *Colorado River* doctrines, judge-made doctrines that authorize, and indeed direct, federal courts, in specified classes of case, to abstain from the exercise of their unquestioned jurisdiction. Judge-made abstention is not seen as problematic in the same way that judicial creation of jurisdiction is.

This conclusion may seem in tension with the retention of jurisdiction on different grounds in *In re Statistical Tabulating Corp.,* 60 F.3d 1286 (7th Cir.1995), where, just as here, the bankruptcy proceeding was dismissed while an appeal from one of the orders in the proceeding was on appeal, and just as here we held that the appeal survived the dismissal. It did not survive by virtue of the "related to" jurisdiction, however. *Id.,* at 1287 n. 1. The order had not been made in an adversary proceeding. It was an order turning over to one of the creditors the proceeds of the liquidation of the debtor's estate, and it was contested by another creditor, who claimed priority. The dispute went to the heart of the bankruptcy, and so the bankruptcy court would not have been entitled to fob it off on the state courts in accordance with the principles that govern the exercise of supplementary or related-to jurisdiction.

■ The remaining question in the present case is whether the power to relinquish jurisdiction over a related proceeding once the underlying bankruptcy proceeding is dismissed was properly exercised, given the circumstances of the case. It was. The bankruptcy proceeding having ended, the adversary proceeding became a dispute of no interest to anyone except the two adversaries, and their dispute revolved entirely around the meaning of a pair of state judgments. There was not even a remote federal interest. Neither party argues for retention of federal jurisdiction on the ground that otherwise the objectives of the Bankruptcy Code would be impaired. The creditor argues, incorrectly as we have shown, that jurisdiction over the adversary proceeding ended automatically upon the dismissal of the bankruptcy proceeding; and Chapman argues, so far as we can figure out what his brief is saying, simply that he is entitled to the $200,-000 that he is seeking from the creditor. There was no reason to retain the adversary proceeding in federal court, and the judgment dismissing the proceeding without prejudice is therefore

AFFIRMED.