97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of IMPORT & MINI CAR PARTS, LIMITED,
INCORPORATED, Debtor.
Appeal of Ward W. MILLER, Trustee.
 No. 96-2017.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 9, 1996.
Decided Sept. 27, 1996.
 
 Before BAUER, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1983, Import & Mini Car Parts, Ltd., Inc. filed a petition for Chapter 11 bankruptcy, which was subsequently converted to Chapter 7 bankruptcy in 1989. On September 6, 1990, the trustee in bankruptcy obtained a judgment against Samuel Conte, which to date has not been fully collected. On September 11, 1992, the bankruptcy court entered a garnishment order against Conte's wages. In 1993, that judgment was assigned to the appellant, Ward Miller, as trustee on behalf of the administrative creditors of the estate. On March 29, 1996, the bankruptcy case was closed.
 
 
 2
 On June 22, 1995, almost five years from the date of the judgment against Conte by the bankruptcy court, the judgment assignee filed a motion for proceedings supplemental to execution. In that motion, the judgment assignee asked the bankruptcy court to set aside a transfer of assets by Conte that was allegedly fraudulent. The bankruptcy court issued a sua sponte order questioning its jurisdiction over the dispute. On January 5, 1996, the bankruptcy court dismissed the suit, holding that it lacked subject matter jurisdiction over the dispute. On April 9, 1996, the district court affirmed the dismissal. For the reasons set forth below, we also affirm.
 
 
 3
 The district court's determination that it lacked subject matter jurisdiction is a legal conclusion, and thus we review it de novo. See In re Fedpak Systems, Inc., 80 F.3d 207, 211 (7th Cir.1996) (citing Indemnified Capital Inv. v. R.J. O'Brien & Assoc., 12 F.3d 1406, 1409 (7th Cir.1993)).
 
 
 4
 Like all other federal courts, the bankruptcy court is a court of limited jurisdiction and receives its jurisdictional mandate in a statutory grant of power. Celotex Corp. v. Edwards, 115 S.Ct. 1493, 1498 (1995). Jurisdiction is initially conferred on the district courts in 28 U.S.C. § 1334(b), which extends it to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In turn, jurisdiction is conferred on the bankruptcy courts in 28 U.S.C. § 157(a), which authorizes the district courts to refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy judges. 28 U.S.C. § 157(a). As this Court has summarized, bankruptcy jurisdiction thus encompasses and is limited to proceedings "arising in," "arising under," or "related to" a case under title 11. Fedpak, 80 F.3d at 213 (citing Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 161 (7th Cir.1994)). In addition to being limited in scope, bankruptcy jurisdiction is also limited in duration. In contrast to the district courts, which are there to offer the parties complete relief, bankruptcy courts' purposes are more circumscribed. As we said in In re Xonics, Inc., "The bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets. It extends no farther than its purpose." 813 F.2d 127, 131 (7th Cir.1987).
 
 
 5
 Miller's claim certainly can not be characterized as either "arising under" or "arising in" the bankruptcy case. In Zerand, we noted that an "arising under" or "arising in" case pertains to "questions that arise during the bankruptcy proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." Zerand, 23 F.3d at 162 (citations omitted). In the present case, the fraudulent conveyance allegations did not arise during the bankruptcy proceeding, but rather, arose years after the proceeding was effectively over. In fact, the fraudulent conveyance allegations arose more than ten years after the bankruptcy proceedings were initiated and less than one year before the proceedings were closed. Further, the allegations have no relation to the administration of the bankrupt estate because the estate is closed. As Chief Judge Posner explained in Zerand, "[A]s a dispute becomes progressively more remote from the concerns of the body of federal law claimed to confer federal jurisdiction over it, the federal interest in furnishing the rule of decision for the dispute becomes progressively weaker." Id.
 
 
 6
 Because its relationship to the original bankruptcy case is merely tangential, the dispute over Conte's alleged fraudulent transfer of assets cannot be said to either "aris[e] under" or "aris[e] in" the title 11 case. Instead, the dispute should be analyzed to see whether it is "related to" the title 11 case. Although "related to" jurisdiction would appear to be more encompassing than "arising in" or "arising under" jurisdiction, the Supreme Court recently cautioned that "a bankruptcy court's 'related to' jurisdiction cannot be limitless." Celotex, 115 S.Ct. at 1499. Although other courts of appeals have adopted broader interpretations of the "related to" language ( see, e.g., Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir.1984)), we have found a more narrow reading to be more appropriate. We have held that a dispute is "related to" a bankruptcy only when the dispute "affects the amount of property available for distribution or the allocation of property among creditors." In re Xonics, 813 F.2d at 131. We further clarified in Xonics that "it is the relation of dispute to estate, and not of party to estate, that establishes jurisdiction." Id. In Zerand, we described two different kinds of disputes falling into the category of "related to." We said that the language "is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum." Zerand, 23 F.3d at 161 (citing Xonics, 813 F.2d at 131). Indeed, the Supreme Court noted in Celotex that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." Celotex, 115 S.Ct. at 1499 n. 6. In Zerand, we went on to set forth a second purpose of the "related to" language: "[S]uits which may affect the amount of property in the bankrupt estate." Id. at 162.
 
 
 7
 In this case, the alleged fraudulent transfer of assets fails to rise to the "related to" level vis-a-vis the debtor or vis-a-vis the estate. The dispute over the fraudulent transfer has no relation whatsoever to the debtor; the debtor (Import & Mini Car Parts) no longer exists and the bankruptcy case has been closed since March 29, 1996. More important, the dispute over the fraudulent transfer has no relation whatsoever to the estate. The 1992 assignment of the judgment against Conte removed that judgment from the estate for bankruptcy purposes, and the trustee in bankruptcy no longer owns the asset. The bankruptcy court, therefore, has no interest in hearing this case. In fact, no one connected to the bankruptcy proceedings at all has any interest in this dispute. This dispute will not affect the amount of property available for distribution or the allocation of property among creditors. Again, the bankruptcy case was closed in March, 1996, making this dispute outside both the subject-matter and the durational scope of the bankruptcy court's jurisdiction.
 
 
 8
 What Miller attempts to do here is to invoke federal jurisdiction over something that, as the bankruptcy court noted, is "in reality, nothing more than a garden variety fraudulent conveyance action, governed by state law, brought by a creditor in an effort to collect an outstanding debt." Bankruptcy Op. at 4. And while the creditor may surely be entitled to attempt to collect the debt, he may not use the guise of federal bankruptcy jurisdiction to keep a state action in federal court once the bankruptcy jurisdiction has lapsed. This is not, as appellant argues, an attempt to "fob ... off on the state courts" something at "the heart of the bankruptcy." Chapman v. Currie Motors, Inc., 65 F.3d 78, 82 (7th Cir.1995) (holding that district court no longer had federal jurisdiction over a "related to" proceeding once the bankruptcy case had been dismissed). Miller's fraudulent conveyance claim can hardly be described as at the heart of the bankruptcy. Rather, as Chief Judge Posner vividly described in Chapman, it is "like the cartoon character who remains momentarily suspended over a void, spinning his legs furiously, when the ground has been (quite literally) cut out from under him." Chapman, 65 F.3d at 81. Here, Miller's claim is actually in a much better position than the cartoon character because it is not about to fall perilously into the depths of the void. Rather, Miller's state law claim has a safe haven in the state courts of Indiana.
 
 
 9
 The bankruptcy case is closed, the judgment against Conte is no longer part of the bankruptcy estate, and the judgment is no longer in possession of the trustee in bankruptcy. As the district court stated in its opinion, this dispute is "something akin to a distant cousin once removed." Dist.Ct.Op. at 14. And as with invitations to family events, distant cousins are frequently excluded from the guest list. So, too, should Miller's motion be excluded from the bankruptcy court's jurisdiction.
 
 
 10
 Miller's attempt to have the bankruptcy court set aside Conte's transfer of assets is beyond the scope of the bankruptcy court's jurisdiction under 28 U.S.C. §§ 157(a) and 1334(b). For the reasons set forth above, we affirm both the district court and the bankruptcy court.