# In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-2225

LEROY EPPS and ROBERT VENABLE, III,

*Plaintiffs-Appellants,*

*v.*

CREDITNET, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 00-C-1451—**John Paul Godich**, *Magistrate Judge.*

ARGUED OCTOBER 29, 2002—DECIDED FEBRUARY 28, 2003

Before CUDAHY, COFFEY, and EASTERBROOK, *Circuit Judges.*

CUDAHY, *Circuit Judge.* Plaintiffs Leroy Epps and Robert Venable, III appeal a summary judgment entered against them in their suit against defendant Creditnet, alleging that Creditnet's earlier action in Indiana Small Claims Court for check deception violated the Indiana Uniform Consumer Credit Code's limitation on charges associated with consumer loans. Because the Small Claims Court's judgment of civil damages for check deception is a valid state court judgment, the *Rooker-Feldman* doctrine denies the district court and this court subject mat-

ter jurisdiction to review that prior state court decision. We remand to the district court with instructions to dismiss.

## I.

Leroy Epps and Robert Venable (Plaintiffs) both financed the purchase of automobiles using a retail installment contract that they entered into with Auto Advantage Corporation. Auto Advantage subsequently assigned all right, title and interest in the contracts to defendant Creditnet, Inc. (Creditnet). Epps tendered a check of $330.00 to Creditnet in payment of an installment of his contract that was returned unpaid to Creditnet because of insufficient funds. Venable tendered a check of $280.38 to Creditnet in payment of an installment of his contract that was returned unpaid to Creditnet because Venable did not have an account at the drawee bank. Creditnet sent both Epps and Venable a letter notifying them that their respective checks had not been honored. Neither Epps nor Venable has ever made good on his respective check.

In September 1999, Creditnet and attorney Charles Sheeks (as debt collector for Creditnet) filed suit against both Epps and Venable in Marion County, Indiana, Small Claims Court for $990.00 and $841.14, respectively. The suits were filed under Indiana Code §§ 35-43-5-5,[1]

---

[1]  Ind. Code § 35-43-5-5 reads in part:

> (a) A person who knowingly or intentionally issues or delivers a check, a draft, or an order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business, commits check deception, a Class A misdemeanor.

34-24-3-1,[2] the Indiana check deception statutes crim-
inalizing the intentional delivery of a bad check and pro-
viding the victim a civil action for treble damages for such
a criminal violation. Judgment was thereafter entered
against Epps and Venable for treble damages.

A year later, Epps and Venable filed suit in federal court
in the Southern District of Indiana against Creditnet
and Sheeks alleging in count I a class claim under the
Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.
§§ 1692 et seq., against Sheeks only; in count II a class
claim under the Indiana Uniform Consumer Credit Code
(IUCCC), Ind. Code §§ 24-4.5-1-1 et seq., against Creditnet
only; and in count III an individual claim under the FDCPA
against Sheeks for attempting to collect from Venable a
debt that had been discharged in bankruptcy. The district
court purported to exercise supplemental jurisdiction
over the state law claim in count II under 28 U.S.C.
§ 1367(a).[3]

---

[2]  Ind. Code § 34-24-3-1 reads in part:

   If a person suffers a pecuniary loss as a result of a violation
   of Ind. Code § 35-43, Ind. Code § 35-42-3-3, Ind. Code
   § 35-42-3-4, or Ind. Code § 35-45-9, the person may bring a
   civil action against the person who caused the loss for the
   following:

   (1) An amount not to exceed three (3) times the actual
   damages of the person suffering the loss.

   (2) The costs of the action.

   (3) A reasonable attorney's fee.

   ***

   (7) All other reasonable costs of collection.

[3]  28 U.S.C. § 1367(a) provides that:

   Except as provided in subsections (b) and (c) or as expressly
   provided otherwise by Federal statute, in any civil action of
                                                    (continued...)

The claim in count II against Creditnet alleged that the IUCCC limited penalties for bad checks to $20, Ind. Code § 24-4.5-3-202(1)(f), and that the "seeking or collecting" of any amount above the allowed $20 made Creditnet liable "to cancel or make restitution of the excess charges." Complaint at ¶72. On cross-motions for summary judgment on a stipulated record, the district court granted Creditnet's motion for summary judgment on count II.[4] The district court found that the IUCCC did not conflict with the Indiana criminal and civil bad check statutes, and that the IUCCC did not preclude civil liability for violation of the bad check statutes. Further, the court ruled that the IUCCC is concerned with charges in a consumer loan contract, not with limiting liability for criminal check deception. The district court entered final judgment on the claims brought against Creditnet in April 2002. This appeal followed.

## II.

A district court's grant of summary judgment is reviewed de novo, construing all facts and drawing all reasonable

---

[3] (...continued)
which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

[4] The court granted in part and denied in part the cross-motions for summary judgment of Sheeks and the Plaintiffs with respect to counts I & III. Summary judgment on those counts is not before us on appeal.

inferences from those facts in favor of the non-moving party. *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 326 (7th Cir. 2002). The parties have stipulated to all of the facts in this case, and the only questions for us are issues of interpretation of state law, which are also reviewed de novo. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999). A district court's determination that it has subject matter jurisdiction is additionally one that we review de novo. *Daniels v. Area Plan Comm'n*, 306 F.3d 445, 452 (7th Cir. 2002).

The first and dispositive issue that we must address concerns subject matter jurisdiction. Creditnet argues that the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.[5] *See, e.g., Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine is a principle of jurisdiction that precludes the lower federal courts from applying appellate review to state court decisions. An action in federal court that alleges an injury "inextricably intertwined" with a state court decision, such that success in the federal court would require overturning the state court decision, is barred by the *Rooker-Feldman* doctrine. *See Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002); *Edwards v. Illinois Bd. of Admissions to the Bar*, 261 F.3d 723, 729 (7th Cir. 2001). Epps and Venable's suit against Creditnet attacks the validity of the Indiana state court's treble

---

[5] *Rooker-Feldman* was mentioned but not argued by Creditnet in the district court. The district court, in a footnote, found the doctrine inapplicable because "Plaintiffs' claims are predicated upon actions by Mr. Sheeks that occurred before the small claims court entered judgment." App. at 9 n.1. While this may be true with respect to the FDCPA claim against Sheeks, the statement does not address the IUCCC claim against Creditnet before us in the present case.

damages judgment and is, therefore, an action over which the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Epps and Venable's claim arises under Indiana's Uniform Consumer Credit Code, which provides, in part,

> (1) In addition to the loan finance charge permitted by [other IUCCC code sections], a lender may contract for and receive the following additional charges in connection with a consumer loan:
>
> ***
>
> (f) A charge not to exceed twenty dollars ($20) for each return by a bank . . . of a dishonered check . . . issued by the debtor.

Ind. Code § 24-4.5-3-202(1)(f). Epps and Venable allege that the treble damages assessed under the bad check statutes are not authorized by the IUCCC. The Plaintiffs also allege that under the IUCCC they cannot be required to pay such "excess charges" and can recover damages for the assessment of "excess charges." Ind. Code § 24-4.5-5-202(3)-(4); *see also* Complaint at ¶72. Their prayer for relief asks the district court to set aside the judgment of the Marion County Small Claims Court and "refund" (constructively, since the damages have not been paid) the damages assessed by the state court against Epps and Venable. According to the Plaintiffs, we should find that the application by the Small Claims Court of the bad check statutes was in error because the IUCCC preempts the bad check statutes. Thus, the claim before us is inextricably intertwined with the civil bad check claim previously adjudicated by the state court.

Epps and Venable argue that their claim does not ask us to review the state court judgment because their claim arose at the time Creditnet filed its suit in state court and exists regardless of the state court's ultimate

adjudication. But the Plaintiffs' interpretation of the IUCCC is fundamentally flawed. The Plaintiffs were not liable under the civil bad check statutes until the state court entered judgment against them. Indiana law makes treble damages available in a civil action, but damages do not lie until a court has found liability, determined damages and entered judgment.

Epps and Venable try to avoid this result by re-characterizing the Small Claims action as an enforcement action "to collect the excess charge." Appellants' Br. at 16. This argument is specious. The state court action in question clearly was not an enforcement action. The purpose of the state court action was to seek a determination of legal liability and damages. Therefore, the "charge" against which the Plaintiffs' current suit was filed did not come into existence prior to judgment, and the Plaintiffs' current suit has as its principal purpose the invalidation of that judgment. Contrary to the assertions of Epps and Venable, if the underlying Small Claims state court action had never gone to judgment, there would be no "charge" and, consequently, nothing to be set aside by the present suit.

Epps and Venable cite an unpublished district court opinion and an unpublished district court order to support their position. But these cases are not helpful. *Witt v. Westfield Acceptance Corp.*, No. IP 00-1001-CS/H, 2002 U.S. Dist. LEXIS 7821 (S.D. Ind. March 25, 2002), also involved state law claims under the IUCCC. Witt also sought to overturn a treble damages award under Indiana state law. In addition, she claimed that she was not challenging the judgment but instead challenging the filing of the lawsuit to collect more than the charges allowable under the IUCCC. *Id.* The district court dismissed this count of the complaint on statute of limitations grounds. Epps and Venable note that a co-plaintiff in *Witt* raising identical claims did not suffer dismissal.

They want us to infer that this co-plaintiff's claims under the IUCCC went forward in the face of *Rooker-Feldman*. The conclusion, argue Epps and Venable, is that Witt's claim that the IUCCC defeated the prayer for treble damages would also have been justiciable in the face of *Rooker-Feldman*. Appellants' Br. at 17. But it is pure speculation whether the co-plaintiff's claim went forward in the face of a *Rooker-Feldman* challenge and whether Witt's claim would have been justiciable if it had survived the statute of limitations. We find this argument unpersuasive.

In addition, the refusal of the district court in *Brooks v. Auto Sales & Service, Inc.*, No. IP 00-1467-CM/S, 2001 U.S. Dist. LEXIS 8059 (S.D. Ind. June 15, 2001), to dismiss an FDCPA claim under the *Rooker-Feldman* doctrine, is similarly unpersuasive. The court in *Brooks* found that *Rooker-Feldman* did not bar an FDCPA claim in federal court when an attorney acting as a debt collector had filed suit in Small Claims Court for amounts due on a retail installment contract plus attorney's fees. *Id.* The federal suit, the court found, arose before the entry of judgment in the state action. The cause of action in *Brooks*, however, stemmed from conduct allegedly in violation of 15 U.S.C. § 1692e, which prohibits certain types of *representations* in the course of collecting a debt. The representation at issue was the filing of a suit requesting attorney's fees that the plaintiffs alleged was false, deceptive or misleading. The present case is not an FDCPA case, and it does not involve the representations made in filings in the Small Claims Court (despite Plaintiffs' assertion to the contrary). Instead, it involves the entry of a money judgment against Epps and Venable.

The Plaintiffs further seek to avoid the bar of *Rooker-Feldman* by attempting to diminish the weight of the state court decision. Indiana law commands that a "small claims court shall not be a court of record." Ind. Code § 33-11.6-1-4.

Indiana Rule of Small Claims Court 11(f) states that a "judgment shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court." The Plaintiffs argue that because the Small Claims decision would have no preclusive effect in a subsequent action, it is not entitled to deference under *Rooker-Feldman*. But Plaintiffs' argument merely reinforces our belief that the state judgment carries the day here. The judgment of the Small Claims Court is final with respect to its amount, which is the only determination at issue in the present case. Epps and Venable are attacking the treble damages assessed by the state court as an "excess charge" under the IUCCC. Without reference to the amount of the state court judgment, their suit has no meaning.

Epps and Venable's argument that they may still be able to obtain review of the Small Claims Court's decision in an Indiana state court supports our conclusion that we have no jurisdiction over this state law claim. Reply Br. at 21-22 ("Plaintiffs have a continuing right to seek appellate review of the Small Claims Court's Judgment . . . . Plaintiffs have not lost their ability to challenge the Small Claims Court's Judgment directly."). The *Rooker-Feldman* doctrine blocks the Plaintiffs' attempt to use the federal courts as a substitute appellate tribunal for the state courts.

## III.

Epps and Venable cannot allege a "charge" sufficient to support a violation of the IUCCC without a legally binding obligation to pay the treble damages award in question. The treble damages award is enforceable only by virtue of the state judgment assessing liability. Therefore, we are asked to review and possibly reverse the

judgment of a state court. The *Rooker-Feldman* doctrine holds that we lack subject matter jurisdiction for such a review.[6] Accordingly, we VACATE the judgment of the district court and REMAND with instructions to dismiss.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[6] Epps and Venable also requested, in the alternative, that we certify certain questions of Indiana state law allegedly relevant to the merits of this case to the Indiana Supreme Court for resolution. Given that Messrs. Epps and Venable filed this undeniably state law claim in federal court and then vigorously fought to maintain supplemental jurisdiction in the district court, we find this request somewhat disingenuous. If what the Plaintiffs argue is meritorious, and they can still attack the Small Claims Court judgment in state court, then we will have done them one better by dismissing this case and giving Epps and Venable the opportunity to litigate this case in the appropriate state forum.