**Craig E. MCFADIN, Plaintiff–Appellant,**

v.

**David O. GIVENS, Defendant–Appellee.**

**No. 02–2173.**

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 2003.[*]

Decided April 8, 2003.

* After an examination of the briefs and the record, we have concluded that oral argu-

ment is unnecessary. Thus, the appeal is

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

Craig McFadin and his mother, Lena, owned property in Posey County, Indiana. When Lena died, Craig inherited her share. He then sold the property to David Eaton. Eaton soon discovered, however, that because Lena's share had not been through probate, title to the property was unmerchantable. Eaton therefore sued McFadin in Posey Circuit Court, seeking enforcement of the sale agreement. When McFadin did not appear, the court entered default judgment, commissioning attorney David Givens to take the steps necessary to convey merchantable title. Acting on the court's instructions, Givens opened an estate for Lena, paid the appropriate taxes, perfected title, and transferred the property to Eaton.

McFadin moved to set aside the default judgment, asserting improper service. His motion was denied, however, as was his subsequent appeal to the Court of Appeals of Indiana. *McFadin v. Eaton*, No. 65A01–9712–CV–425, 706 N.E.2d 1128 (Ind.App. Dec. 11, 1998) (unpublished decision). McFadin then sued in federal court, challenging Givens' sale of the property and administration of the estate and alleging numerous constitutional, common-law, and statutory violations. The district court dismissed the case, finding that McFadin's claims against Givens were barred under the *Rooker–Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

The district court was correct. McFadin's suit against Givens is based entirely on

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Givens' execution of his responsibilities under the circuit court's order. In effect, McFadin is attacking the state-court order under which Givens acted. The lower federal courts have no jurisdiction over such claims. *See Epps v. Creditnet, Inc.,* 320 F.3d 756, 759 (7th Cir.2003).

AFFIRMED.