Raymond DICK, Plaintiff–Appellant,

v.

Howard E. TOWLES, Defendant–Appellee.

No. 02–4120.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2003.*

Decided June 19, 2003.

Rehearing Denied July 31, 2003.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

### ORDER

Raymond Dick insists that Howard Towles twice breached a contractual duty to act as Mr. Dick's attorney in 1992. That same year, Mr. Dick sued Mr. Towles in federal court, but Mr. Towles prevailed after a jury trial. On appeal, we vacated the judgment and ordered the district court to dismiss on remand for lack of subject matter jurisdiction. Mr. Dick then sued Mr. Towles in state court. The Circuit Court of Cook County ultimately granted summary judgment for Mr. Towles, and that ruling was affirmed by the Illinois appellate court. Mr. Dick has now returned to federal court with his same 1992 breach-of-contract claims plus two new claims alleging that Mr. Towles and his lawyer committed fraud by lying in the state court proceedings, and that the state court's decision violated his due process rights under the Fourteenth Amendment. The district court *sua sponte* dismissed Mr. Dick's complaint for lack of subject matter jurisdiction and denied his motion for reconsideration. Mr. Dick then filed a timely notice of appeal.

As should have been apparent to Mr. Dick when we previously directed the district court to dismiss his contract action, there is no basis for federal-court subject matter jurisdiction over Mr. Dick's claims that Mr. Towles breached a duty to represent him. Allegations that a lawyer breached a contractual obligation to his client implicate state, not federal, law, *see, e.g.,* 735 Ill. Comp. Stat. Ann. 5/13–214.3(b) (West 2003), and so federal question jurisdiction, *see* 28 U.S.C. § 1331, is absent.

---

* Mr. Towles did not respond to our order to file a response brief, and accordingly this appeal has been submitted without the filing of a brief by the appellee. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Mr. Dick has never contended that the diversity jurisdiction, *see* 28 U.S.C. § 1332, would afford a means to litigate these state claims in federal court, and there exists no other independent basis of federal subject matter jurisdiction.

 What Mr. Dick seems to suggest by citing 28 U.S.C. § 1367 is that his newly asserted claim of a "due process" violation in the state litigation triggered federal question jurisdiction that in turn provides supplemental jurisdiction over his contract claims. The district court, however, did not have jurisdiction over Mr. Dick's "due process" claim. The claim is a thinly disguised effort to overturn the adverse Illinois judgment, and as the district court explained, federal courts other than the Supreme Court cannot review state decisions like the one in favor of Towles. *E.g., Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001). Moreover, this principle, known as the *Rooker–Feldman* doctrine, *see Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), also precludes district courts from exercising jurisdiction over claims that are inextricably linked with a judgment of a state court. *Epps v. Creditnet, Inc.,* 320 F.3d 756, 758–59 (7th Cir. 2003) (collecting cases). Mr. Dick's fraud claim–that Mr. Towles and his lawyer won by deceiving the circuit court–falls into this category, and so it too is barred by the *Rooker–Feldman* doctrine even if there were some way to label it as a federal claim. Accordingly, Mr. Dick's new claims are not properly in federal court, and so they cannot serve as a hook to bring along his contract claims.

The judgment dismissing Mr. Dick's complaint for lack of subject matter jurisdiction is AFFIRMED.