In re Randy L. CROSSON, Debtor.

Randy L. Crosson, Plaintiff,

v.

A.A. Fire Safety; Ahern Fire Protection; James J. Bobowice; Arthur Blank; Joseph Birkett, Dupage County State's Attorney; Chicago Title Insurance Co.; City of Chicago; Brian J. Donoghue; Experian; Equifax; Fire Control Systems; Fire Authority Systems; Ford Motor Credit Corp.; Guaranty Title Insurance; Donald E. Glickman; Chad M. Haywood; Home Depot; Daniel Hoseman; Randye A. Kogan; LaSalle Bank National Assoc.; Stephen E. Lewis; William D. Maddux; New Lenox State Bank; Nicor Gas; Ed O'Brien; Patricia Norum O'Brien; Kevin M. O'Donnell; Bessie O'Malley; Duane Leroy O'Malley; James D. O'Malley; Marilyn O'Malley; Traci O'Malley; O'Malley Excavating, Inc.; O'Malley Trucking & Excavating; Andrew Papke; Plainfield Police Dept.; Robert J. Quinn; Steven R. Radtke; Judge Jack Schmetterer; Victoria Senadonas; Shapiro & Kreisman, LLC; Thomas Sheehan, Cook County Sheriff; Donald N. Snyder, Director Illinois Dept. of Corrections; Southwest Financial Bank & Trust Co.; Joe Spillane; Ann R. Taylor, Chairperson of the Illinois Prison Review Board; Ticor Title Insurance Co.; Trans Union; Anderson J. Ward;

Michael Walsh; Alexander White; Attorney Registration and Disciplinary Commission; Stetson Atwood; Alan Bernstein; Andrew M. Cohen; William Fenili; Patrick J. Fitzgerald; Daniel Konicek; Edward Krzyminski; James A. Payonk, Jr.; Judson Todhunter; United States Attorney; Judge Joan B. Gottschall; Judge Robert Ginsberg; Magistrate Judge Geraldine Soat Brown; and Will County State's Attorney, Defendants.

Bankruptcy No. 98 B 33985.
Adversary No. 05 A 00015.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 18, 2005.

796

Randy L. Crosson, pro se.

Thomas L. Browne, Lead Attorney, Sean Chaudhuri, Lead Attorney, Celina A. Stearney, Lead Attorney, Illinois Attorney General, Chicago, IL, for Defendants.

## ORDER

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the complaint filed by Randy L. Crosson (the "Debtor") against numerous defendants (the "Defendants"). For the following reasons, the Court finds that it lacks subject matter jurisdiction of this adversary proceeding. Accordingly, this adversary proceeding is hereby dismissed.

The Debtor alleges in paragraph one of the complaint that the Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(H), which includes proceedings to determine, avoid or recover fraudulent conveyances, and further contends in paragraph two that this is a core proceeding.[1] The Debtor further alleges in the complaint that various Defendants perpetrated fraud, theft, conversion, embezzlement, perjury, attempted murder, assault and numerous other criminal acts against him. The complaint rambles through a litany of state court and district court cases that were filed as well as various orders that were entered in those cases.

In what the Debtor styles the conclusion of the complaint, he seeks the following relief: (1) that all Defendants should be barred from any contact with the Debtor, including phone, personal, mail, fax, third-party and any other contacts and that all Defendants and their agents, employees, attorneys and officers are not to come within ten miles of the Debtor; (2) that the Illinois Department of Corrections and/or Prison Review Board take Duane L. O'Malley, one of the named Defendants, into custody until all the disputes herein are resolved; (3) that all property and assets belonging to the Debtor should be deposited with the Clerk of the Bankruptcy Court within twenty-four hours after the summons and complaint are served upon the Defendants; (4) that LaSalle National Bank Association be barred from any contact with the Defendants and a permanent order of protection be entered as to the Debtor clear of any and all liens and other claims; (5) that the Court should award sanctions or damages in the sum of $100,000,000.00 pursuant to the Fair Debt Collection Practices Act, plus all actual damages and attorney's fees accrued by the Debtor; (6) that the Debtor be given leave to file a counterclaim if this adversary proceeding fails to resolve all of the issues; (7) that judgment in the amount of $1,000,000,000,000.00 should be entered in favor of the Debtor pursuant to the Fair Debt Collection Practices Act, or in the alternative, that judgment should be entered for specific performance, breach of contract, intentional emotional distress or any other causes of action or torts inflicted upon the Debtor or any of his family members by LaSalle National Bank Association; (8) that a final judgment in the amount of $500,000,000,000,000.00 should be entered against LaSalle National Bank

1. As the Court discusses later in this Order, this adversary proceeding is not a core proceeding.

Association and its attorneys, and an order entered directing that all of LaSalle National Bank Association's alleged claims are no longer valid and enforceable pertaining to the Debtor and the Defendants; (9) that this matter should be sealed because the Debtor's minor children's lives are in danger; (10) that all Defendants, including the DuPage County Sheriff, the Cook County Sheriff and the DuPage County State's Attorney and their subordinates should have no contact with the Debtor, including in person or by agent, deputy, mail, telegram, third-party, drive by, business, recreation, job site, courthouse or other; (11) that LaSalle National Bank Association and its attorneys, agents and employees should have no contact with the Debtor either in person or by agent, deputy, mail, telegram, third-party, drive by, business, recreation, job site, courthouse or other; (12) that violation of the Court's order and each subsequent violation shall have a penalty of $1,000,000,000,000.00 and twenty years in jail or prison for each incident by any person or entity; (13) that any violation of the Court's order shall result in a fine in the amount of $10,000,000,000.00, plus five years in prison; and (14) any other additional relief that the Court deems necessary to protect the Debtor from the Defendants.

██ Initially, the Court notes that pleadings filed by pro se litigants must be read liberally and held to less stringent standards than those applied to pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). While a judge is not to become an advocate for a pro se litigant, *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir.1996), the Court does have a duty to "take appropriate measures to permit the adjudication of

*pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Id.* It is a court's obligation to ensure that the claims of a pro se litigant are given a "fair and meaningful consideration." *Palmer v. City of Decatur,* 814 F.2d 426, 428–29 (7th Cir.1987) (internal quotation omitted). The Court is mindful of the fact that the Debtor is a pro se litigant, and the Court has given this complaint a fair and meaningful consideration.

██ Nevertheless, as a threshold matter, the Court must address whether it has jurisdiction over this adversary proceeding. The United States Supreme Court stated that "[t]he jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in and limited by statute." *Celotex Corp. v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Thus, bankruptcy court jurisdiction should be interpreted narrowly. *In re FedPak Sys., Inc.,* 80 F.3d 207, 214 (7th Cir.1996). The bankruptcy court's jurisdiction extends to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Specifically, that statute provides in pertinent part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a) and (b).

Bankruptcy judges "constitute a unit of the district court," 28 U.S.C. § 151, and the bankruptcy courts receive their powers by reference from the district court pursu-

ant to 28 U.S.C. § 157, which provides in relevant part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(a) and (b)(1).

The District Court for the Northern District of Illinois has referred any and all bankruptcy cases and related adversary proceedings under its jurisdiction to the bankruptcy judges of this District. *See* Internal Operating Procedure 15(a). Therefore, through the reference from the District Court, this Court has jurisdiction over matters arising under, arising in, or related to bankruptcy cases under 28 U.S.C. § 1334.

■■■ Section 157 limits bankruptcy jurisdiction by dividing the matters which the Court may hear into two categories: core and non-core. Core matters are those "arising under" title 11 or "arising in" a case under title 11. 28 U.S.C. § 157(b). A matter "arising under" title 11 involves a cause of action created by a statutory provision of title 11. *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990); *In re Wood*, 825 F.2d 90, 96 (5th Cir.1987). A proceeding "arising in" a case under title 11 involves those administrative matters that arise only in bankruptcy cases. *Diamond Mtg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir.1990), *cert. denied*, 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991); *Wood*, 825 F.2d at 97. " '[A]rising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Wood*, 825 F.2d at 97.

■■■ Non-core matters over which bankruptcy courts have jurisdiction are those "related to" a bankruptcy case. Neither the Bankruptcy Code nor the jurisdictional statutes define the term "related to." The Seventh Circuit, however, held that a case is "related to" a bankruptcy when it affects either the amount of property in the bankruptcy estate or the distribution of that property among the creditors. *FedPak*, 80 F.3d at 213–14; *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987). "Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate or the allocation of its assets among creditors." *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989). The Seventh Circuit explained how matters are "related to" a bankruptcy case:

The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.

*Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir.1994).

■■■ The Court finds that it lacks the proper subject matter jurisdiction to hear this adversary proceeding. None of the allegations in the complaint arise under title 11 or arise in a case under title 11. Further, none of the acts complained of by

the Debtor involve a cause of action created by a statutory provision of title 11. Despite the Debtor's contention that the Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 157(b)(2)(H), none of the allegations in the complaint seek to determine, avoid or recover any fraudulent conveyances. Further, none of the allegations in the complaint involve administrative matters that arise only in bankruptcy cases. Rather, those claims exist outside of bankruptcy in that many of them are criminal in nature. Hence, none of the allegations made by the Debtor constitute core proceedings. In addition, none of the claims are related to the bankruptcy case. The Debtor's Chapter 7 case was filed in 1998. He received his discharge in 1999, and the bankruptcy case was closed shortly thereafter. These claims in the instant complaint do not affect the amount of property in the bankruptcy estate or the distribution of that property among the creditors. Rather, these allegations are mostly criminal in nature, and the Court has no jurisdiction over criminal matters. None of the relief sought by the Debtor arises under, arises in, or is related to his 1998 bankruptcy case which is now closed.

Moreover, as a general rule, dismissal or closure of a bankruptcy case usually results in dismissal of related adversary proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings, but this general rule is not without exception. *In re Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir.1995). The Seventh Circuit stated that in the case of a related adversary proceeding or a related state law claim, the bankruptcy court would have the discretion to retain or relinquish jurisdiction over the related matter when the underlying bankruptcy case is dismissed.

*Id.* at 1287 n. 1. In *Chapman v. Currie Motors, Inc.*, 65 F.3d 78 (7th Cir.1995) the court held that "related to" jurisdiction is sufficiently capacious to protect the interest of judicial economy and argues powerfully for keeping a case in a court system when a case has proceeded through one court system and is almost finished there. *Id.* at 81. The issue in *Chapman* was whether the district court had the discretion to relinquish its jurisdiction of an adversary proceeding based solely and purely on state law claims when the underlying bankruptcy case was dismissed. The Seventh Circuit held that where the issues involved revolved solely around the meaning of a pair of state court judgments, the federal link was so tenuous that the district court had the discretion to relinquish its "related to" jurisdiction, and that it properly exercised that discretion, even though jurisdiction of the adversary proceeding did not automatically end upon the dismissal of the underlying bankruptcy case. *Id.* at 81–82. "As *Chapman* and *Statistical Tabulating* make clear, this Court has discretion to retain jurisdiction over any adversary proceeding when dictated by judicial economy, fairness and convenience to the parties, and the degree of difficulty of the related legal issue involved." *Rodriguez v. Volpentesta (In re Volpentesta)*, 187 B.R. 261, 270 (Bankr. N.D.Ill.1995).

Turning to the matter at bar, the Debtor received his discharge on February 26, 1999, and the underlying bankruptcy case was closed on March 10, 1999. Because the bankruptcy case is closed, the Court, in the exercise of its discretion, dismisses this adversary proceeding. The complaint in this proceeding fails to allege any bankruptcy core matters or causes of action. Rather, it is an attempt by the Debtor to have this Court enter relief beyond its subject matter jurisdiction, as well as a

collateral attack on decisions rendered by other courts.

Along those lines, the Court notes that in this adversary proceeding the Debtor seeks to collaterally attack the decisions made by the state and federal courts in several matters that were filed in those courts. Debtors are not entitled to have the bankruptcy court hear complaints simply because they are disgruntled with the process in the state court. *In re Double W Enters., Inc.*, 240 B.R. 450, 455 (Bankr.M.D.Fla.1999). This Court must afford the state court's final rulings full faith and credit. *See* 28 U.S.C. § 1738.

In addition, the Court finds that the *Rooker–Feldman* doctrine bars this Court from exercising subject matter jurisdiction over this adversary proceeding. The doctrine, which emerged from two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), prohibits the inferior federal courts from reviewing state court decisions. *Rooker–Feldman* is a jurisdictional doctrine premised on the basis that, because federal district courts are courts of original jurisdiction, lower federal courts are not authorized to review appeals from state court judgments, except where Congress has authorized such collateral review. *Crestview Vill. Apts. v. United States Dept. of Hous. & Urban Dev.*, 383 F.3d 552, 555–56 (7th Cir.2004); *Levin v. Attorney Registration & Disciplinary Comm'n*, 74 F.3d 763, 766 (7th Cir.), *cert. denied*, 518 U.S. 1020, 116 S.Ct. 2553, 135 L.Ed.2d 1072 (1996) ("The *Rooker–Feldman* doctrine dictates that federal district courts lack jurisdiction to review decisions of state courts."). "Inferior federal judges lack jurisdiction to review the judgments of state courts, which are open to question,

if at all, only in the Supreme Court of the United States under 28 U.S.C. § 1257." *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.1995); *see also Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996).

The Seventh Circuit has consistently applied the *Rooker–Feldman* doctrine in holding that federal courts lack jurisdiction to engage in appellate review of state court decisions, even when a federal question is presented. *See Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir.1999); *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir.1998). Parties seeking review of state court decisions must pursue relief in the state court. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999). Lower federal courts lack jurisdiction to review state court decisions, regardless of what errors the state court may have committed. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir.2000).

The *Rooker–Feldman* doctrine applies to direct attacks on state court judgments as well as "claims that are inextricably intertwined with state court determinations." *Long*, 182 F.3d at 554. Whether a claim is "inextricably intertwined" with a state court judgment depends on "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Brokaw v. Weaver*, 305 F.3d 660, 665 (7th Cir.2002) (internal quotations omitted). The relevant inquiry in every *Rooker–Feldman* situation is whether the lower federal court "is in essence being called upon to review the state-court decision." *Zurich Am. Ins. Co. v. Superior Ct.*, 326 F.3d 816, 823 (7th Cir.2003) (internal quotation omitted). If "success in the federal court would require

overturning the state court decision," the federal court lacks jurisdiction over the matter. *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir.2003).

The Court finds that the *Rooker–Feldman* doctrine bars the majority of the claims made here which are based on prior state court litigation. This adversary proceeding is nothing more than an attempt to have a federal court review state court decisions and overturn them. The Court lacks the jurisdiction to do that. *See Epps*, 320 F.3d at 761 (observing that the *Rooker–Feldman* doctrine blocks an "attempt to use the federal courts as a substitute appellate tribunal for the state courts"). Further, the Court lacks the power to review decisions from other federal courts. If the Debtor is unhappy with decisions rendered by other federal courts, then he must follow the appropriate federal appellate procedures. This Court—a unit of the district court—is not the proper forum for the review of decisions made by the district court that the Debtor is dissatisfied with. The review of any final decision made by the district court is reserved for the jurisdiction of the federal courts of appeals. *See* 28 U.S.C. § 1291.

Accordingly, for the foregoing reasons, the Court finds that it lacks subject matter jurisdiction of this complaint and hereby dismisses this adversary proceeding.