| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 13, 2016[*]
Decided May 16, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3271

|  |  |
| --- | --- |
| IN RE: MICHAEL W. GILLILAND, *Debtor.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| MICHAEL W. GILLILAND, *Debtor-Appellant,* |  |
|  | No. 1:14-cv-02054-SEB-DKL |
| *v.* |  |
|  | Sarah Evans Barker, |
| FIFTH THIRD MORTGAGE COMPANY, *et al.,* *Creditors-Appellees.* | *Judge.* |

**O R D E R**

Michael Gilliland lost his home in Liberty, Indiana, after defaulting on his mortgage loan from Fifth Third Mortgage Company. In July 2013 an Indiana state trial court entered a judgment of foreclosure, which the state appellate court affirmed in March 2014. A sheriff's sale of the property was scheduled for August 2014, but just days

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

before Gilliland filed for bankruptcy under Chapter 13. He also filed two related adversary proceedings seeking removal of the foreclosure case from state court to the bankruptcy court and claiming that Fifth Third and its attorneys had committed state-law torts. Both Fifth Third and the bankruptcy trustee moved to dismiss the Chapter 13 case on the grounds that Gilliland had no regular income and could not maintain proposed plan payments. *See* 11 U.S.C. § 109(e). The day before a scheduled hearing on these motions, Gilliland filed a motion asking the district court to withdraw its reference to the bankruptcy court. Without acknowledging Gilliland's motion, the bankruptcy court granted the motions to dismiss the Chapter 13 case and two days later dismissed the adversary proceedings. Gilliland then moved for relief from judgment, arguing that the bankruptcy court should not have ruled on the bank's and trustee's motions while his own motion to withdraw reference was pending. The bankruptcy court denied Gilliland's postjudgment motion, and the district court affirmed the dismissal of the bankruptcy case and adversary proceedings.

On appeal Gilliland maintains that the bankruptcy court abused its discretion in dismissing the case while his motion to withdraw the reference remained pending. He says that the bankruptcy court should have stayed the proceedings until after the district court had the opportunity to rule on the motion. But even assuming that the district court would have been inclined to grant his motion, Gilliland cannot show that a withdrawal of the reference would have affected the outcome: Both the bankruptcy court and the district court would have been compelled to dismiss the case because Gilliland did not have regular income and thus was not eligible for relief under Chapter 13. *See id.*; *In re Blendheim*, 803 F.3d 477, 485 (9th Cir. 2015); *see also In re Brooks*, 784 F.3d 380, 381 (7th Cir. 2015) (comparing Chapter 13 proceedings for debtors with income to the more commonly used liquidation proceedings under Chapter 7). The bankruptcy court, therefore, did not abuse its discretion in dismissing the Chapter 13 case. Moreover, neither did the bankruptcy court abuse its discretion in dismissing the adversary proceedings without prejudice after the Chapter 13 case had been properly dismissed. *See Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 80–82 (7th Cir. 1995) (explaining that bankruptcy courts have discretion to relinquish jurisdiction over adversary claims after bankruptcy case has been resolved); *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289 (7th Cir. 1995) ("Dismissal of a bankruptcy proceeding normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings … ."); *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (explaining that after dismissal of underlying bankruptcy case, dismissal of noncore related proceedings is ordinarily proper).

Gilliland's remaining arguments have no merit. First, he says that the bankruptcy court failed to state findings of fact or conclusions of law in dismissing his case. Without a transcript of the hearing we cannot discern the extent of the bankruptcy court's findings, but the corresponding docket entry states that Gilliland was "down in plan payments" and "currently unemployed." No further findings were necessary to determine that he was not eligible for relief under Chapter 13. Second, Gilliland provides no support for his assertion that the bankruptcy court relied on only the trustee's motion to dismiss and not Fifth Third's motion. Nor would it matter which motion the court relied on because dismissal was proper based on either motion.

**AFFIRMED**.