266 Wis.2d 481 (2003)
2003 WI App 181
668 N.W.2d 779
Allan B. LEVIN, Plaintiff-Appellant,
v.
BOARD OF REGENTS OF the UNIVERSITY OF WISCONSIN SYSTEM, Defendant-Respondent.
No. 02-2278.
Court of Appeals of Wisconsin.
Submitted on briefs February 7, 2003.
Decided July 3, 2003.
*483 On behalf of the plaintiff-appellant, the cause was submitted on the briefs of Bruce F. Ehlke of Shneidman, Hawks & Ehlke, S.C., of Madison.
On behalf of the defendant-respondent, the cause was submitted on the brief of Mary Woolsey Schlaefer, assistant attorney general, and James E. Doyle, attorney general.
Before Dykman, Roggensack and Deininger, JJ.
¶ 1. ROGGENSACK, J.
Allan B. Levin appeals the judgment that concluded that either claim preclusion or issue preclusion prevents him from relitigating the release of certain records by the University of Wisconsin. Because we conclude that all of the elements of claim preclusion have been met and that it was properly applied, we affirm the circuit court.

BACKGROUND
¶ 2. Levin is a former member of the faculty of the University of Wisconsin Medical School. In 1995, the University brought charges of misconduct against him *484 and a faculty committee conducted a hearing on those charges. The committee issued written findings and conclusions, and recommended that Levin be discharged. Subsequently, the parties negotiated a settlement, under which Levin agreed to retire from his position at the University, rather than being discharged.
¶ 3. Several years later, a public records request was made for a copy of the faculty committee's findings and conclusions that resulted from the hearing on the allegation that Levin had engaged in misconduct. The record custodian for the University applied the public records balancing test and determined that the records should be released. The custodian notified Levin that the University would release the committee's findings and conclusions unless Levin filed a legal action to prevent release of the records on or before October 15, 2000.
¶ 4. On October 13, 2000, Levin filed an action against the Board of Regents of the University of Wisconsin System and two employees. Levin alleged that the defendants had previously released the committee's findings and conclusions, and he sought monetary damages for harm caused by the alleged prior release. He also sought to enjoin the Regents from permitting any further release of the records concerning his employment or the disciplinary proceedings. The complaint did not ask for review of the then pending open records request.
¶ 5. In order to facilitate a decision on the pending open records request and finalize it, the Regents moved for a de novo circuit court review of the record custodian's decision. The Regents and the other two defendants also moved to dismiss the complaint, based on failure to serve a notice of claim, sovereign immunity, *485 failure to state a claim, claim preclusion and issue preclusion. The circuit court affirmed the record custodian's decision to release the requested records. It addressed and rejected Levin's argument that the parties had agreed to treat the disciplinary charges against Levin as having no merit, and it concluded that the release was appropriate.
¶ 6. Levin petitioned for leave to appeal an interlocutory order and we denied that request. Subsequently, the circuit court granted the defendants' motion to dismiss all of the claims against them because Levin had not timely filed a notice of claim. Levin did not appeal the circuit court's final judgment.
¶ 7. On or before March 13, 2002, the University received another open records request relative to Levin. It was made by a different person, but requested the same findings and conclusions of the disciplinary committee. The record custodian again determined that the records should be released and gave notice to Levin. The custodian cited the judgment in the first Levin case that had affirmed the release of those records as one basis for his decision. Levin then commenced the current action from which this appeal arises. He attempts to block release of the committee's findings and conclusions.
¶ 8. The Regents moved to dismiss the complaint based on claim preclusion. The circuit court determined that either claim preclusion or issue preclusion barred Levin's suit, and it dismissed it. Levin appeals.

*486 DISCUSSION
Standard of Review.
[1]
¶ 9. We review whether claim preclusion applies to a given set of facts as a question of law, applying de novo review to the question presented. Lindas v. Cady, 183 Wis. 2d 547, 552, 515 N.W.2d 458, 460 (1994).
Claim Preclusion.
¶ 10. Claim preclusion is a doctrine that prevents relitigation of the same claim when: (1) there is an identity of parties or their privies in the prior lawsuit; (2) there is an identity of claims for relief that were brought, or could have been brought; and (3) a final judgment on the merits in a court of competent jurisdiction resolved the first lawsuit. Northern States Power Co. v. Bugher, 189 Wis. 2d 541, 551, 525 N.W.2d 723, 728 (1995).
[3, 4]
¶ 11. Claim preclusion prevents repetitive litigation. DePratt v. West Bend Mut. Ins. Co., 113 Wis. 2d 306, 311, 334 N.W.2d 883, 885 (1983). Fairness to all parties and to the use of judicial resources require that at some point litigation over a specific controversy must come to an end. Id. However, claim preclusion should not be applied in a way that will deprive a party of a full and fair determination of an issue. Pasko v. City of Milwaukee, 2002 WI 33, ¶ 22, 252 Wis. 2d 1, 643 N.W.2d 72.
[5]
¶ 12. Here, it is agreed that the parties to both lawsuits are the same: Levin and the Board of Regents. *487 Additionally, there is an identity of claims for relief in that both lawsuits focused on the release of exactly the same records. And further, there is no real question that there was a final judgment on the merits of the release of the records that was not appealed and reversed. Levin does argue that the dismissal of his prior lawsuit was not a final judgment because it was dismissed based on his failure to give the statutorily required notice of claim. However, the merits of the release of the records at issue here were also decided. If Levin had chosen to appeal the validity of the release of the records, he could have done so after the dismissal of his first lawsuit, as an appeal of that case would have brought before this court all earlier decisions adverse to Levin, the appellant. WIS. STAT. § 809.10(4) (2001-02).[1]
[6, 7]
¶ 13. The only question actually presented here is whether having two different requesters for the same records is a difference material to the analysis under the open records law such that it should prevent the application of claim preclusion. In Woznicki v. Erickson, 202 Wis. 2d 178, 183-84, 549 N.W.2d 699, 701 (1996), the supreme court established a balancing test that must be applied when the record requested involves an individual's privacy or reputational interest. We review de novo whether the public's interest in disclosure is outweighed by the overriding public interest in keeping the records confidential. Id. at 195, 549 N.W.2d at 706. We conclude that a difference in the requesters for the *488 same public records is not material to the decision about whether to release the records.
¶ 14. In State ex rel. Ledford v. Turcotte, 195 Wis. 2d 244, 536 N.W.2d 130 (Ct. App. 1995), we reviewed a prison inmate's request for records relating to potential wrongdoing by prison employees. We explained that public employees who engage in potentially illegal conduct should have no expectation that the records relating to that conduct will be kept from the public's view. We instructed that:
Ledford's status as a prison inmate does not affect the disposition of his request. Neither the identity of the requester nor the reasons underlying the request are factors that enter into the balance. See § 19.35(1)(i), STATS. (request may not be refused because requester is unwilling to be identified or to state the purpose of the request).
Ledford, 195 Wis. 2d at 252, 536 N.W.2d at 133. Furthermore, in Kraemer Bros., Inc. v. Dane County, 229 Wis. 2d 86, 102, 599 N.W.2d 75, 83 (Ct. App. 1999), we reaffirmed that the identity and purpose of the requester of public records is not a part of the balancing test to be applied in determining whether to release the records.
¶ 15. In support of his contention that the identity of the specific requester is relevant, Levin relies on Kraemer Brothers, State ex rel. Morke v. Record Custodian, 159 Wis. 2d 722, 465 N.W.2d 235 (Ct. App. 1990) and Klein v. Wisconsin Resource Center, 218 Wis. 2d 487, 582 N.W.2d 44 (Ct. App. 1998). We conclude that none of these cases provides support for Levin's assertion.
¶ 16. As we noted above, Kraemer Brothers cites and affirms the conclusion stated in Ledford that the identity of the requester is not a factor that affects *489 whether public records should be released. In Morke, the court affirmed a custodian's decision to deny access to the names, home addresses and home telephone numbers of employees of Fox Lake Correctional Institution. The requester was a former inmate in the Wisconsin Correctional System. We affirmed the custodian's denial of access to the records because we concluded that the balance between the public's interest in disclosure and the public's interest in protecting the employees' privacy fell in favor of privacy. Our decision did not turn on Morke's identity as a prior inmate, but rather on the conclusion that the safety and well-being of prison staff and their families far out-weighed the interest served by disclosure of the records. Morke, 159 Wis. 2d at 726, 465 N.W.2d at 236.
¶ 17. In Klein, the requesters were patients at the Wisconsin Resource Center who requested Klein's personnel file. In affirming the denial of release of Klein's file, we concluded that the overriding public interest in Klein's well-being and protection from harassment out-weighed the strong presumption in favor of public access. Klein, 218 Wis. 2d at 496-97, 582 N.W.2d at 47-48. There is no statement in the opinion that in any way undercuts our conclusion in Ledford that the identity of the requester is not material to a determination of whether to release a public record.
[8]
¶ 18. Accordingly, we conclude that Levin's assertion that the identity of the requester is material to the balancing of interests required by Woznicki is contrary to well-established precedent. We have been presented *490 with no other reason why claim preclusion[2] should not apply to preclude relitigation of the legality of the release of the findings and conclusions of the committee. Our de novo review of the factors necessary to the application of claim preclusion causes us to conclude that there is an identity of parties, an identity of claims and that a final judgment approving the release of these records has been made and not appealed. Therefore, we affirm the judgment of the circuit court dismissing Levin's lawsuit.

CONCLUSION
¶ 19. Because we conclude that all of the elements of claim preclusion have been met and that it was properly applied, we affirm the circuit court.
By the Court.Judgment affirmed.
NOTES
[1] WISCONSIN STAT. § 809.10(4) states in relevant part:

MATTERS REVIEWABLE. An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon.
[2] The parties also discuss issue preclusion. However, because we have concluded that claim preclusion was properly applied, we do not address issue preclusion. See Sweet v. Berge, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (court need address only dispositive issues).