NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 15, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 08-1172 | |
| STEVEN D. DYE, Sr., and PATRICIA L. DYE, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 07 C 430 |
| AMERIQUEST MORTGAGE COMPANY and AUSSPRUNG & ASSOCIATES APPRAISALS, LTD., | Rudolph T. Randa, *Chief Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Steven and Patricia Dye refinanced their home with Ameriquest Mortgage Company and, after making two scheduled monthly payments, defaulted on the loan. Ameriquest responded by obtaining a judgment of foreclosure in Wisconsin state court. The Dyes then sought bankruptcy protection in the Eastern District of Wisconsin and instituted an adversary proceeding against Ameriquest and Aussprung & Associates Appraisals, Ltd. , the company that Ameriquest had hired to appraise the Dyes' home. The bankruptcy court

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

granted summary judgment in favor of Ameriquest and Aussprung. The parties cross-appealed to the district court, which affirmed the bankruptcy court's dismissal of the Dyes' adversary action on both the merits and on *Rooker-Feldman* grounds. We affirm on the alternative grounds offered by the district court: claim preclusion and limitations.

The material facts in this case are not in dispute. In November 2002 Ameriquest solicited the Dyes to refinance their home. The Dyes agreed, and Ameriquest hired Aussprung to appraise the Dye's property. Aussprung valued the Dye's property at $245,000. Ameriquest informed the Dyes of the appraisal, and on December 24, 2002, the Dyes entered into a loan agreement with Ameriquest. Under that agreement Ameriquest loaned the Dyes $220,500, and the Dyes were required to make monthly loan payments of $1,695.46 for thirty years beginning in February 2003. At closing Ameriquest notified the Dyes of their right to rescind within three days, as required by 15 U.S.C. § 1635(a), and gave them a document called "Truth In Lending Disclosure," which disclosed the rate, finance charge, amount financed, total of payments, and payment schedule for the loan. The Dyes also received a written guarantee that, according to Ameriquest's "best practices," they would be able to cancel the loan within seven days after closing.

The Dyes made only the first two payments on their loan, and consequently in September 2003, Ameriquest initiated a foreclosure action in Wisconsin state court. The Dyes counterclaimed, alleging that Ameriquest used an inflated appraisal to gain a higher interest rate and closing costs, and delayed the closing date by one month. The state court entered a judgment of foreclosure in June 2004 and dismissed the Dyes' counterclaims for failure to state a claim under Wisconsin law. The Court of Appeals of Wisconsin affirmed.

The Dyes petitioned for bankruptcy in October 2005, and shortly thereafter they commenced an adversary proceeding against Ameriquest and Aussprung. The Dyes alleged that Ameriquest violated the Truth in Lending Act (TILA) by submitting confusing disclosures regarding the time period for rescinding the loan agreement and maintained that they are entitled to rescind the loan. They asked the court to void Ameriquest's interest in their home and also sought damages. Against Aussprung the Dyes claimed that the appraiser was negligent for failing to appraise their home accurately.

The parties all moved for summary judgment. The bankruptcy court granted Ameriquest's motion on the ground that even if the three-year statute of repose for TILA applied, 15 U.S.C. § 1635(a), the Dyes did not attempt to rescind the loan agreement until January 31, 2006, over three years after the closing of the loan, and that equitable tolling should not apply. The parties cross-appealed to the district court. The district court concluded that *Rooker-Feldman* barred federal jurisdiction because, in its view, the Dyes' alleged injuries arose from the foreclosure action, and that, alternatively, the Dyes' claims

were barred by claim preclusion and TILA's three-year statute of repose.  Finally, the court concluded that since the Dyes had stipulated that their negligence claim against Aussprung would be dismissed for lack of jurisdiction if the TILA claims were dismissed, the question whether the Dyes stated a negligence claim against Aussprung was moot.

The Dyes' arguments on appeal are hard to discern, but it appears that the Dyes believe that the *Rooker-Feldman* doctrine and claim preclusion should not apply because the Dyes never brought their TILA claims in state court.  We review de novo the district court's decisions that it lacked subject matter jurisdiction and that the Dyes' claims were barred by the defenses of claim preclusion and time limitations.  *In re Globe Bldg. Materials, Inc.*, 463 F.3d 631, 632 (7th Cir. 2006); *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002).

We address federal jurisdiction first.  The *Rooker-Feldman* doctrine provides that only the Supreme Court of the United States has jurisdiction to review a state court judgment. *Brokaw*, 305 F.3d at 664; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  If a federal plaintiff seeks to set aside a state court judgment, the doctrine precludes jurisdiction over that challenge as well as any claims that are "inextricably intertwined" with that state court judgment.  *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004).  If, however, the plaintiff is presenting an independent claim, federal courts can exercise jurisdiction.  *Id*.

We think that the district court applied the *Rooker-Feldman* doctrine too broadly.  The Dyes do not simply claim that they were injured by the foreclosure judgment.  They claim that the defendants injured them six months earlier—at the time of the closing of their mortgage—by, as the Dyes allege, confusing them with disclosures that did not comply with TILA and using an inflated appraisal.  Because the Dyes' alleged injury was complete before the state court litigation even commenced, *Rooker-Feldman* is not at play.  *See Long v. Shorebank*, 182 F.3d 548, 556 (7th Cir. 1999) (*Rooker-Feldman* inapplicable to injuries that precede the state court judgment).  This is true even though the Dyes "deny the correctness of the [foreclosure] order in pursuing these claims."  *Id*.  Thus, this case is unlike *Taylor*, 374 F.3d at 529, on which the district court relied, where the homeowner alleged that, during the litigation itself, the defendant committed a fraud on the state court.

We turn now to whether claim preclusion bars the Dyes' claims against Ameriquest. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, we apply the Wisconsin law of claim preclusion, *see In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1000 (7th Cir. 2007).  That law bars relitigation of a claim brought in an earlier suit if there was: (1) a final judgment on the merits; (2) identity of the parties or privies; and (3) identity of the claims between the two suits.  *Kruckenberg v. Harvey*, 694 N.W.2d 879, 885 (Wis. 2005).  In this case, the first and second prongs apply to the Dyes' claims against Ameriquest because the state court

proceedings resulted in a final judgment of foreclosure, and the Dyes and Ameriquest were both parties to that action.  Thus we need only consider whether there is an identity between the claims in state court and federal court.

Under Wisconsin law's "transactional approach," a claim  covers "all or any part of the transaction, or series of connected transactions, out of which the action arose." *Kruckenberg*, 694 N.W.2d at 886.  The transactional approach focuses on the similarity of the facts in the two lawsuits rather than their legal theories  *See Levin v. Bd. of Regents of the Univ. of Wis. Sys.*, 668 N.W.2d 779, 782 (Wis. Ct. App. 2003) (citing *Northern States Power Co. v. Bugher*, 525 N.W.2d 723, 729 (Wis. 1995)).  When the claims in the two suits are based on the same transaction, and the other two prongs are satisfied, claim preclusion bars any challenge that was or even could have been brought in the earlier action.  *Levin v. Bd. of Regents of the Univ. of Wis. Sys.* , 668 N.W.2d 779, 782 (Wis. Ct. App. 2003) (citing *Northern States Power Co. v. Bugher* , 525 N.W.2d 723, 729 (Wis. 1995)).

We agree with the district court that the Dyes' claims against Ameriquest in the bankruptcy court arise from the same transaction as in the state court foreclosure action and are barred by claim preclusion.  The Dyes' claims under TILA arise from the same commercial event—the home loan—that was the basis of the foreclosure action.  TILA claims may be brought in either state or federal court, *see* 15 U.S.C. § 1640(e), and nothing prevented the Dyes from challenging during the foreclosure action the disclosures that Ameriquest provided to them or attempting at that time to rescind the loan on that basis.  Accordingly the Dyes' suit is subject to claim preclusion.

Furthermore, apart from claim preclusion, the Dyes' claims are time-barred.   The Dyes did not file their adversary action until January 31, 2006, more than three years after they closed their loan on December 24, 2002.  *See* 15 U.S.C. § 1635(f); *see also Beach v.Ocwen Fed. Bank*, 523 U.S. 410, 411-12 (1998).  In *Beach*, the Supreme Court held that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."  Although the Dyes argued in bankruptcy court that the three-year period should be tolled based on class action litigation against Ameriquest, they did not raise this argument on appeal.  Consequently they have failed to show that the doctrine of legal tolling is applicable.  *See* FED. R. APP. P. 28(a)(9).

As to the Dyes' negligence claim against Aussprung, once the district court decided that the federal claims were unavailable, it properly declined to exercise supplemental jurisdiction over that claim.  *See Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1122 (7th Cir. 2003).

AFFIRMED