**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
Chicago, Illinois 60604

Submitted November 16, 2011[*]
Decided November 16, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 11-2100

| | |
|---|---|
| In the Matter of: STEVEN D. DYE, SR., and PATRICIA L. DYE, <br>     *Debtors.* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| | No. 11-C-218 |
| STEVEN D. DYE, SR., and PATRICIA L. DYE, <br>     *Plaintiffs-Appellants,* | Rudolph T. Randa, <br> *Judge.* |
|     *v.* | |
| DEUTSCHE BANK NATIONAL TRUST CO., et al., <br>     *Defendants-Appellees.* | |

**O R D E R**

Steven and Patricia Dye are before us a second time on a matter that we fully resolved in 2008. Since 2004 when Ameriquest Mortgage Company foreclosed on their home, the Dyes have engaged in a pattern of abusive litigation to thwart execution of that

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

judgment. Their present appeal arises from an adversary proceeding filed in bankruptcy court to challenge the foreclosure. The Dyes tried this same tactic in a previous bankruptcy case, and we told them then that their effort to relitigate the foreclosure claim was improper. *See Dye v. Ameriquest Mortg. Co.*, 289 F. App'x 941 (7th Cir. 2008).

The Dyes refinanced their home with a loan from Ameriquest in 2002 and defaulted after making two payments. A Wisconsin circuit court entered a judgment of foreclosure for Ameriquest in June 2004 and ordered a sheriff's sale of the home within six months. *See* WIS. STAT. § 846.101(2). But that deadline was stayed while the Dyes appealed the foreclosure judgment in the Wisconsin appellate court, and afterward the Dyes thwarted the sales process with their successive bankruptcy actions, all of which they filed as personal reorganizations under Chapter 13 of the Bankruptcy Code. As far as we know, a sale of the house has never been finalized.

The Dyes filed their first Chapter 13 petition in March 2005, *see* 11 U.S.C. § 301, but dismissed that case voluntarily. They filed a second petition in October 2005, and within that case they commenced an adversary proceeding claiming that Ameriquest had violated the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f, by misrepresenting the amount of time they had to back out of the loan agreement. In March 2007 the bankruptcy court granted summary judgment for Ameriquest on that claim, and the Dyes pursued interlocutory appeals, first to the district court and then to us. The district judge upheld the bankruptcy court's ruling, as did a panel of this court. *See Dye*, 289 F. App'x at 944–45. We concluded that the doctrine of claim preclusion bars the Dyes from litigating disputes which could have been raised in the Wisconsin foreclosure action, including their claim under the Truth in Lending Act. *Id.* at 941.

Our decision was issued in August 2008, and more than a year later the bankruptcy court dismissed the second Chapter 13 case because the Dyes had defaulted on their confirmed payment plan. *See* 11 U.S.C. § 1307(c)(6). The bankruptcy court concluded that the Dyes had used the Chapter 13 process to continue challenging the mortgage loan and forestall giving up their house. The Dyes unsuccessfully appealed the dismissal of the Chapter 13 case to the district court, and Ameriquest then returned to state court and moved for confirmation of a sheriff's sale, which apparently had gone forward. *See* WIS. STAT. § 846.165. The court scheduled a hearing for February 17, 2010, but the Dyes preemptively filed a third Chapter 13 petition on February 2 and took advantage of the automatic stay to stop the foreclosure judgment from being fully executed. The Dyes submitted a payment plan but failed to commence payments within 30 days, 11 U.S.C. § 1326(a), which prompted the bankruptcy trustee to move for dismissal, *id.* § 1307(c)(4). In July 2010, while the trustee's motion was pending, the Dyes filed a new adversary action

against Ameriquest, this time also naming as defendants Deutsche Bank National Trust Company and American Home Mortgage Servicing.

That complaint, which the Dyes amended in October 2010, is difficult to decipher. At its core, though, the Dyes' adversary action disputes the validity of their mortgage, rehashes their claim against Ameriquest under the Truth in Lending Act, and seeks to unwind the foreclosure. No allegations of wrongdoing are made against the other two defendants, and we surmise that they are named because they hold or are servicing the note. (The Dyes also captioned their amended complaint to include as a defendant the law firm that represented Ameriquest in the foreclosure action in state court, but the law firm is not identified as a party in the body of the complaint.)

Deutsche Bank and American Home Mortgage Servicing moved to dismiss the adversary action for lack of service and failure to state a claim. Without first ruling on those issues, however, the bankruptcy court granted the trustee's pending motion to dismiss the Chapter 13 case because the Dyes were not making their promised payments. Then on January 12, 2011, with the underlying bankruptcy case now over, the bankruptcy court declined to exercise jurisdiction over the adversary action and dismissed the Dyes' amended complaint.

The Dyes appealed this last ruling to the district court on January 25. From that date they had 14 days to designate the contents of the record and file a statement of the issues to be presented. *See* FED. R. BANKR. P. 8006. But they did not do either, and neither did they file a brief. The district court had notified the Dyes on March 1, 2011, that they had only 14 more days to file their brief, FED. R. BANKR. P. 8009, and even after the court had later rejected their motion for an extension of time, the Dyes did not submit their brief.

Two weeks after the missed briefing deadline, Ameriquest moved to dismiss the appeal. The lender argued that the appeal lacked merit and also that the Dyes had failed to designate the record, identify the issues on appeal, or file a brief. The Dyes never responded. After waiting another month without receiving a brief from the Dyes, the district court granted Ameriquest's motion and dismissed the appeal for failure to prosecute. *See* FED. R. BANKR. P. 8001(a). The court found that the Dyes had failed to comply with the deadlines for identifying the issues, designating the record on appeal, and filing their appellate brief. Because the Dyes had not explained these omissions, the district court reasoned, they could not argue excusable neglect. The court also reviewed the Dyes' continuing "vendetta" against Ameriquest and concluded that they had filed the appeal as part of a pattern of bad-faith litigation.

This ruling ostensibly underlies the Dyes' present appeal, but in their opening brief they simply rehash their allegations that Ameriquest engaged in misconduct during the negotiation and execution of their mortgage. The Dyes ask us to remand, not because of any error by the district court in dismissing their bankruptcy appeal for failure to prosecute, but because they want to resume their adversary action against Ameriquest. Only in their reply brief do the Dyes say anything about the proceedings in the district court—they contend that the district judge should have granted their motion for an extension of the briefing deadline–but arguments raised for the first time in a reply brief are waived. *Padula v. Leimbach*, 656 F.3d 595, 605 (7th Cir. 2011); *Mendez v. Perla Dental*, 646 F.3d 420, 423–24 (7th Cir. 2011).

Ordinarily we review a bankruptcy court's decision directly. *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010); *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009). But here the Dyes essentially bypassed review by the district court, and thus the propriety of the bankruptcy judge's order dismissing the Dyes' adversary action is not properly before us unless we conclude that the district court abused its discretion in dismissing the Dyes' appeal to that court. *See In re Telesphere Commc'ns, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999); *In re Bulic*, 997 F.2d 299, 301–02 & n.3 (7th Cir. 1993). As we have noted, the Dyes waived their only challenge to the district court's decision, and, regardless, that ruling was not an abuse of discretion. Failure to take the proper procedural steps after filing a notice of appeal is "ground for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." FED. R. BANKR. P. 8001(a). The district court pointed to the Dyes' failure to designate the record and issues on appeal, FED. R. BANKR. P. 8006, and to file their appellate brief, FED. R. BANKR. P. 8009. Though the court could have overlooked these failures if given a valid reason, *see* FED. R. BANKR. P. 9006(b); *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004); *Bulic*, 997 F.2d at 302–03, the Dyes never offered *any* reason. They did not even respond to Ameriquest's motion to dismiss. And while dismissal can be a harsh sanction, *see In re Scheri*, 51 F.3d 71, 73–74 (7th Cir. 1995); *Bulic*, 997 F.2d at 302; *see also Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003), in this instance the Dyes have not disputed the district court's conclusion that they filed their bankruptcy appeal in bad faith to further their effort to undo the foreclosure judgment.

We could stop here, but it is worth noting that bankruptcy judges have discretion to dismiss an adversary proceeding after the underlying bankruptcy case has ended. A bankruptcy court can decline to exercise jurisdiction over an isolated adversary proceeding. *See Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 80–82 (7th Cir. 1995); *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289 (7th Cir. 1995). Like a district court that determines whether to exercise supplemental jurisdiction over a state-law claim after the federal claim has been dismissed, the bankruptcy court will look at whether the adversary proceeding is closely related to the bankruptcy. *See In re Johnson*, 575 F.3d 1079, 1083–84 (10th Cir. 2009); *In re 5900*

*Assocs.*, 468 F.3d 326, 330 (6th Cir. 2006); *In re Valdez Fisheries Dev. Ass'n*, 439 F.3d 545, 548 (9th Cir. 2006); *Chapman*, 65 F.3d at 81. The Dyes' dispute with Ameriquest had no remaining ties to bankruptcy law. "The bankruptcy proceeding having ended, the adversary proceeding became a dispute of no interest to anyone except the two adversaries, and their dispute revolved entirely around" a state-court proceeding. *See Chapman*, 65 F.3d at 82.

What is more, this dispute should never have been before the bankruptcy court a second time. We ruled in 2008 that the Dyes no longer can litigate the validity of their mortgage or any claim that could have been raised in the Wisconsin foreclosure action. *Dye*, 289 F. App'x at 944. Yet three years later the Dyes have wasted the time of several courts by requesting the same relief amidst incomprehensible filings. More than seven years have passed since the Wisconsin court entered its foreclosure judgment, which still binds the Dyes, and it is time for their abuse of the bankruptcy process to end.

AFFIRMED.